## WOODWARD *vs.* WOOD.

1. The general rule that an objection for want of proper parties defendants must be taken by demurrer, plea or answer, and cannot be raised for the first time at the hearing, applies only to those cases in which a decree may be rendered and relief granted in conformity to the prayer of the bill, without the probability of injury to the rights of those who are not made parties.
2. All the mortgagees in whom is vested the legal title, are necessary parties to a bill to redeem, filed by the assignee of the equity of redemption.
3. When a special authority is vested in one or more of the mortgagees for the benefit of all, all have an interest in the exercise of that authority, and a decree cannot be rendered affecting their interest unless they are all made parties to the bill.
4. If the mortgagee is only a trustee for another, the *cestui que trust* is a necessary party to a bill to redeem, unless some special reason is shown why he may be dispensed with.
5. When the principal debtor executes a mortgage to secure his sureties on a debt due to the Bank, the Bank is a necessary party to a bill to redeem filed by the assignee of the equity of redemption, unless the bill alleges that the debt has been paid.

Error to the Chancery Court of Talladega. Tried before the Hon. W. W. Mason.

It is shown by the bill that Willis Wood was indebted to the Branch Bank at Montgomery by two promissory notes, one for three hundred and seventy-five dollars, due June, 1840, and the other for two hundred and seven dollars, due in June, 1839; and that Henry G. Woodward, Matthew Wood and John Casey were his securities for the payment of them. For the purpose of protecting his securities against loss, the said Willis Wood, on the 4th day of April, 1840, conveyed the land described in the pleadings to them by way of mortgage, and authorized either Henry G. Woodward or Mathew Wood to sell it after the 10th day of May next thereafter, if the said Willis should fail to pay said notes. The deed also provides, that if the debts should be extended, and the securities, or either of them, should continue bound, that the deed should continue in force as a security for their protection. It is further shown, that Matthew Wood has become the purchaser of all the title and interest left in Willis

Wood, after the execution of the mortgage. It also alleged, that the notes payable in Bank were extended by Willis Wood as principal, and Henry G. Woodward and Greene Mitchell as securities, and after the extension of said notes, that Willis Wood paid to Henry G. Woodward the amount of his indebtedness to the Bank, and that he undertook and promised to pay the Bank debt and discharge the mortgage. The bill, however, prays an account, and the complainant offers to pay any balance to the said Woodward, that may be ascertained to be due to him; it also prays for an injunction to enjoin the said Woodward from selling said land, and that the mortgage be decreed to be satisfied. The answer of Woodward admits the execution of the mortgage, and the extension of the debts, as alleged in the bill, but denies that Willis Wood in his life-time paid to him the amount of the debt due to the Bank, or that he agreed to release the mortgage. But the chancellor conceiving that the testimony established the allegations of the bill, granted the relief prayed, without a reference to the master to ascertain how much had been paid to Woodward, or whether anything was due to him or not. To reverse this decree, Woodward prosecutes a writ of error to this court.

WOODWARD, for plaintiff in error.

RICE & MORGAN, contra.

DARGAN, C. J.—We can consider this bill in no other light than as one to redeem, filed by the assignee of the equity of redemption; and the first question made by the assignment of errors is, whether the complainant has brought before the court all persons whom it was necessary to make parties defendants. The complainant, however, insists that the objection for the want of parties was neither taken by demurrer, plea or answer, and therefore it should not be allowed, even if the bill was defective in this respect. The general rule is, that a defect for the want of parties defendants must be taken advantage of either by demurrer or plea, or it should be insisted upon in the answer.— Story Eq. Pl., § 541; 1 Dan. Ch. Pr. 334. And if the objection be not taken in one of these modes, the court may proceed to a final decree, unless the rights of the absent parties would be thereby affected. But in some cases the defect is fatal to the

character of the bill, or to the relief sought by it, and the Court could not proceed to a final hearing and render a decree in conformity with the prayer of the bill, even if the defendant brought before the court made no objection to the want of proper parties.—Story Eq. Pl. § 236.  In England, there is a rule adopted upon the subject, which authorizes the court to make a decree saving the rights of absent defendants, if the court shall see fit, when the objection is not taken either by plea or demurrer, or by the answer.—Dan. Ch. Pr. 338.  But even under this rule, the court will not proceed to a final decree if the rights of those not made parties can be affected thereby.—Dan. Ch. Pr. 339, and authorities there cited.  It is then only in those cases where relief may be granted without the probability of injury to the absent defendants, that the court will proceed to a final decree without making all persons interested parties defendants, unless the failure or omission to do so is justified by some special reason.  Even under these general rules, we think the court erred in proceeding to a final decree.  By the deeds of mortgage, the legal title to the land was vested in the securities, Henry G. Woodward, Matthew Wood and John Casey, and before the party complainant can obtain a decree to redeem, he should bring before the court all the mortgagees in whom is vested the legal title.—Story Eq. Pl. § 188.  But if a special authority is vested in one or more of the mortgagees for the benefit of the whole, then it is apparent that they all have an interest in the exercise of this authority, and a decree taking it away must affect the interest of all, and therefore all must be made parties, or the bill will be so defective that the court should not proceed to a final decree, notwithstanding the objection was not taken until the hearing ; and if it does, the decree may be reversed by appeal or by writ of error.  Again, if the mortgagee be but a trustee for another, the *cestui que trust* should be brought before the court as a defendant, unless some special reason be shown why it is not necessary.  Under this rule we think the Branch Bank at Montgomery should have been made a party defendant, for although the mortgage was intended to protect the securities, yet the debt was due to the Bank, and consequently they were but trustees in equity for the benefit of the Bank, or rather trustees to pay the debt, whether that was due to the Bank or to any one else,  Thus it is a principle of equity that

if A and B be bound for a debt to C, A as principal, and B as security, and A give B a mortgage to secure him, C, the creditor of both, may resort to the mortgage for the satisfaction of his debt.—McMahon vs. Fawcett et al. 2 Rand. § 514, and cases there cited. Now the bill as framed does not show that the debt due to the Bank has been paid, and to render the Bank an unnecessary party, that should be alleged. From the fact that the Branch Bank at Montgomery is a necessary party, it follows that Mitchell should also be made a party. He is but the security of Willis Wood, and therefore interested in taking the accounts, and may resort to all the securities for his indemnity, that the Bank has from the principal debtor for the payment of the debt. To supersede the necessity of making the Bank or Mitchell parties, some reason should have been alleged in the bill; but none is, and the court erred in proceeding to a final decree without them. Without, therefore, examining any other question, we must reverse the decree of the chancellor and remand the cause, that the bill may be amended if the complainant sees fit to do so; for as the bill now stands, not only Casey, one of the mortgagees, but the Branch Bank at Montgomery and Mitchell, are all necessary parties as defendants.

Let the decree be reversed, and the cause remanded.

CHILTON, J., not sitting.