(103 So. 541)
MILLER et al. v. GASTON et al.
(1 Div. 326.)

(Supreme Court of Alabama. March 19, 1925.)

1. Jury ⚖️➡️10—Constitutional guaranty of trial by jury does not extend to causes unknown at common or statute law existing when Constitution was adopted.

Const. 1901, § 11, guaranteeing trial by jury does not extend to causes unknown at common law or to statutory law as it existed when Constitution was adopted.

---

**2. Jury ⊛═14(9)—Statute giving equity courts jurisdiction to quiet title without jury trial on suit of claimant in actual possession held valid.**

Quieting of title at suit of claimant in actual possession was a remedy unknown at common law and Legislature therefore had power to give jurisdiction of such suits to courts of equity under Grove Act, without providing for trial of issue by jury.

**3. Jury ⊛═14(9) — Statute giving courts of equity jurisdiction to quiet title to land in defendant's adverse possession without jury trial held unconstitutional.**

Legislature cannot authorize equity court to quiet title without jury trial where defendant is in actual adverse possession of land, since that would deprive defendant of trial by jury afforded by common law action of ejectment, in violation of Const. 1901, § 11.

**4. Jury ⊛═14(9)—Bill to quiet title not demurrable because of unconstitutionality of statute not applicable to facts alleged.**

Bill to quiet title which alleged possession of complainants and that respondents had never been in actual possession *held* properly filed under Code 1923, § 9905, as well as under sections 9912–9928 and not demurrable on the ground that subdivision d of section 9912 is violative of Const. 1901, § 11, as denying right of jury trial to adverse claimant in possession.

**5. Equity ⊛═219—Questions relating to constructive service, effect of evidence, or mode of decreeing cannot be raised by demurrer to bill.**

Questions relating to constructive service, effect of evidence, or mode of decreeing cannot be raised by demurrer to bill.

**6. Appearance· ⊛═24(7)—General appearance of nonresident respondents eliminates question of constructive service on them.**

General appearance of nonresident respondents eliminates question of constructive service on them.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity to establish title to real estate by W. B. Gaston and another against J. Miller and others. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

Gaillard, Mahorner & Arnold, of Mobile, for appellants.

The chancery court can be given no jurisdiction to ultimately dispose of controversies over the title to lands without the intervention of a jury. Const. Ala. 1901, § 11; Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262; Goodman v. Carroll, 205 Ala. 305, 87 So. 368. Statutes authorizing personal judgment upon constructive service are void. Hart v. Sansom, 110 U. S. 151, 3 S. Ct. 586, 28 L. Ed. 101.

Thornton & Frazer, of Mobile, for appellees.

The constitutional guaranty of the right of trial by jury applies only to a continuation of a right existing. American Land Co. v. Zeiss, 219 U. S. 47, 31 S. Ct. 200, 55 L. Ed. 82; Gage v. Caraher, 125 Ill. 447, 17 N. E. 777; Gormley v. Clark, 134 U. S. 338, 10 S. Ct. 554, 33 L. Ed. 909; Bertrand v. Taylor, 87 Ill. 235; Arndt v. Griggs, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918. The guaranty of the federal Constitution of jury trial does not apply to trials in state courts under state constitutions. Alford v. State, 170 Ala. 178, 54 So. 213, Ann. Cas. 1912C, 1093. It is within the power of the state to provide a proceeding in rem to establish and quiet title to real property within its limits. Missouri v. Lewis, 101 U. S. 22, 25 L. Ed. 989; Hamilton v. Brown, 161 U. S. 256, 16 S. Ct. 585, 40 L. Ed. 691.

SOMERVILLE, J. The provisions of the act approved October· 1, 1923 (Gen. Acts 1923, p. 699), known as the Grove Act, "To provide for the establishment of titles to real estate by a proceeding in rem," have been codified as article 2 of chapter 336 of the Code of 1923, comprising sections 9912 to 9928, inclusive. In the preceding chapter —sections 9905 to 9911, inclusive—the previous system of procedure for quieting titles is preserved intact. The two systems overlap as to bills of complaint by persons "in the actual peaceable possession" of the land in suit, with respect to relief against known respondents upon whom process is served, though the Grove Act requires specific allegations of the nature and source of the complainant's claim, which is not required by the previous system. But the Grove Act extends the relief to cases where no one is in the actual possession, if the complainant, or he and those under whom he claims, has held color of title and paid the taxes for 10 or more consecutive years next preceding the suit (section 9912, subds. [b] and [c]); and also to cases where the complainant—or he and his privies in claim—has paid the taxes during the whole of such period, and no other person has paid the taxes during any part of said period, regardless of the status of actual possession (section 9912, subd. [d]).

The bill in this case alleges that the complainants are in the actual, peaceable possession of the lands in controversy, claiming to own them by warranty deed of record, and trace their title· through a chain of recorded conveyances back to the United States. It is further alleged that complainants and their privies in estate have regularly and annually assessed and paid the taxes on these lands for more than 10 years preceding the suit, and that no other person has paid the taxes on any part of the lands

during said period; and, further, that none of the respondents or their predecessors in claim have ever been in the actual possession of the lands.

The bill shows that two of the respondents, Thomas H. and Eldridge G. Stallworth, are minors over 14 years of age, and that they and the respondent, Annie Stallworth Forehand, reside in Alabama at designated addresses; and that the other respondents, J. Miller and I. E. Boyett, as far as great diligence can ascertain, are residents of Mississippi, and that their addresses cannot be discovered, and that it is not known whether they are living or dead. The bill recites that it is filed under the provisions of the Grove Act, and prays for personal service on the resident respondents, and for service by publication on the known and unknown nonresident respondents, as provided by sections 9914 and 9915. The prayer for relief is that the title be decreed to be in complainants to the extent proven, with due recordation of the decree. All of the respondents have entered a general appearance by counsel, and have filed demurrers to the bill.

The principal grounds of demurrer are: (1) That the Grove Act, under which relief is sought, is unconstitutional in that it attempts to confer jurisdiction on courts of equity to try and determine disputed titles to land, without providing for a trial by jury, in violation of section 11 of the Constitution of 1901, which provides that "the right of trial by jury shall remain inviolate; (2) that the act is unconstitutional because section 4 of the act (Code 1923, § 9919), making complainant's proof of color of title and payment of taxes for 20 years next before the filing of the suit conclusive evidence of title against all persons (with several specified exceptions) who have paid no taxes on the lands, or any part of them, during such period; and (3) that the act is unconstitutional and void because of repugnancies between some of its provisions.

[1, 2] The constitutional guaranty of trial by jury "does not extend to causes unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution." In re One Chevrolet Car, 205 Ala. 337, 87 So. 592, citing the cases; 35 Corpus Juris, 161, § 31. The quieting of title at the suit of a claimant, who is in the actual possession of the land, is a cause of action unknown to the common law, and is based upon conditions under which the common law afforded no remedy to one having such possession. It is therefore within the legislative power to grant jurisdiction to courts of equity to determine and quiet titles in such cases without providing for a trial of the issue by jury. This subject is fully discussed to this conclusion in Brady v. Carteret Realty Co.,

70 N. J. Eq. 748, 64 A. 1078, 8 L. R. A. (N. S.) 866, 118 Am. St. Rep. 778, and in Holland v. Challen, 110 U. S. 15, 3 S. Ct. 495, 28 L. Ed. 52. And the authorities in general seem to be in unanimous accord. 35 Corpus Juris, 168, § 41, note 30.

[3] But such a jurisdiction cannot be extended to cases where the defendant is in the actual possession of the land claiming it as owner, since that would be but the substitution of the equitable remedy for the pre-existing common law remedy of ejectment, and thereby denying to the defendant his clear constitutional right to a trial of title by jury. As said in Hillens v. Brinsfield, 108 Ala. 605, 615, 18 So. 604, 608, "the principle is, that adverse possession under claim of exclusive right to the estate must not be disturbed, except by a constitutional trial at the common law." See, also, Echols v. Hubbard, 90 Ala. 309, 311, 7 So. 817, and Goodman v. Carroll, 205 Ala. 305, 87 So. 368. This principle seems to be everywhere recognized. 35 Corpus Juris, 156, § 27, and cases cited in notes 15, 16, and 17.

[4] Conceding, therefore, that subdivision (d) of section 9912, extending the equitable remedy, without jury trial, to cases where the defendant or his privy is in actual hostile possession of the land, is unconstitutional and void, nevertheless the remainder of the statute is not affected; and since the allegations of the bill show a strictly equitable jurisdiction under subdivision (a) of the statute which is without the influence of the constitutional guaranty of jury trial, the bill of complaint must be held as not subject to that ground of the demurrer. And it would seem, indeed, that, unaided by the provisions of the Grove Act, this bill is well filed under the older law for the quieting of title. Code, § 9905.

[5] Other provisions of the Grove Act, which are complained of, do not affect the validity of the system as a whole, even if held to be in violation of some constitutional provision; and, manifestly, questions relating to constructive service, or the effect of evidence, or the mode of decreeing, cannot be raised by demurrer to the bill.

[6] Hence a review and a construction of those phases of the law on this record would be obiter dictum, and of no avail to set those questions at rest. In particular, as to constructive service on nonresident defendants, that question has been eliminated by the general appearance of the two nonresident respondents, and is no longer material to the case.

The demurrers to the bill were properly overruled, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.