**POPE v. LEDBETTER et al.  (7 Div. 714.)**

Supreme Court of Alabama.    April 14, 1927.

Rehearing Denied June 2, 1927.

1. Equity ⬅245—On sustaining of demurrer of bill on any ground, complainant is out of court unless bill be amended.

The effect of sustaining demurrer to bill on any ground is to put the complainant out of court unless the bill is amended.

2. Specific performance ⬅116½—Amended bill for specific performance or for accounting for excessive rent paid, if payments were treated as rent, held demurrable as inconsistent with contract.

In action for specific performance of contract to sell land, providing that on failure of purchaser to meet payments or pay taxes or insurance vendor might declare the contract to be one of rental and apply all payments made to him as rent, "which payments are hereby agreed to be a reasonable amount therefor," amended bill averring, in substance, that, if plaintiff was not entitled to specific performance, she had paid an amount as rent greatly in excess of the reasonable rental value of the property, and was entitled to an accounting and decree for the excess, *held* demurrable; the claim for accounting being clearly inconsistent with the contract provisions.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by Sallie Pope against E. W. Ledbetter and Annie H. Bagley, for specific performance of a contract, for an accounting, etc. From a decree dismissing the bill, complainant appeals. Affirmed.

Chas. F. Douglas, of Anniston, for appellant.

The contract of sale is analogous to the mortgage; like principals govern; and the vendee may redeem after forfeiture or default. France v. Ramsey, 214 Ala. 327, 107 So. 816; 27 R. C. L. 663. Forfeiture is not favored in equity, and will be relieved against where this will not work injustice. 10 R. C. L. 338; Franklin v. Long, 191 Ala. 310, 68 So. 149; Hamilton v. Terry Fur. Co., 206 Ala. 622, 91 So. 489; Southern Inv. Co. v. Galloway, 206 Ala. 445, 90 So. 300. The contract is usurious, and there is no liability for interest. First National Bank v. Clark, 161 Ala. 497, 49 So. 807. The contract is enforceable against the purchaser. Copeland v. Warren, 214 Ala. 150, 107 So. 94. Where specific performance is not granted, the court may and should retain the bill of an accounting. A. D. Smith & Sons v. Securities Co., 198 Ala. 493, 73 So. 892; Powell v. Higley, 90 Ala. 103, 7 So. 440.

Merrill, Field & Allen, of Anniston, for appellees.

The case was heard on testimony taken orally before the court, who saw and heard the witnesses, and the decree has the weight of a jury verdict. McSwean v. McSwean, 204 Ala. 665, 86 So. 646.

BROWN, J. The original bill was filed by the appellant against the appellees for specific performance of the contract between the complainant and Ledbetter, and to cancel the deed executed by Ledbetter to Mrs. Bagley, as a cloud on complainant's title. The demurrers of the defendants interposed to this bill were sustained, and, by leave of the court and without objection on the part of the defendants, the complainant withdrew her original bill and filed a substituted bill praying for like relief as prayed in the original bill. The defendants thereupon demurred to the substituted bill, and these demurrers were overruled.

The contract of sale, pleaded in the substituted bill and made exhibit thereto, is of the same character and purport as that considered in France v. Ramsey, 214 Ala. 327, 107 So. 816. The averments of the bill, in short, are: That previous to entering into this contract she had purchased the property, consisting of two abutting lots, on each of which there was a residence, from one De Loach, for $1,200 evidenced by forty-eight promissory notes for $25 each, payable monthly. That she had made payments to De Loach under his contract until the amount of the indebtedness due thereon had been reduced to $781.

Ledbetter then took the matter over from De Loach, by paying or assuming to pay said balance, and for his service charged the complainant $168, which she agreed to pay, together with said balance, making a total of $950. That the contract, made Exhibit A to the substituted bill, was then entered into between the complainant and Ledbetter, in which she agreed to pay Ledbetter $1,200, in payments of $25, for which she executed forty-eight notes payable monthly. The bill avers that $250 of the amount covered by the contract was usurious interest. Pending this last contract, one of the houses on the property was rented to a tenant who paid to Ledbetter $45 as rent, which was, by agreement with complainant, to be applied on complainant's debt. Thereafter by agreement with complainant, Ledbetter sold one of the lots for $600 and agreed to credit $500 of this sum on the complainant's debt. Immediately prior to the filing of the bill complainant made demand on Ledbetter for a statement as to the balance due, offering to pay such sum as was justly due, and in response to this request she was furnished by Ledbetter with a statement, showing that the sale price to him was $950, that the accrued interest thereon was $256.50, taxes paid $14.-40, and insurance, estimated, $20.83, making a total of $1,241.77, credited by $90 paid by Slaughter, the purchaser of the other lot, leaving a balance of $1,151.77, and in connection therewith Ledbetter, by a letter to complainant's attorney, recognized that the contract had not been forfeited by complainant, and advising, "if she will carry out her contract this will suit me and it occurs to me that it is entirely unnecessary to go into court when the contract is easily construed. Suppose we submit the matter to arbitration."

These averments clearly show that the substituted bill proceeds on the theory that Ledbetter had not attempted to exercise the right to forfeit the contract on account of the nonpayment of installments due thereunder, that the contract was usurious, and, after purging the debt of usury, complainant was ready, able, and willing to pay any balance justly due thereon.

After the testimony was taken, ore tenus, the complainant amended her bill by averring, in substance, that the testimony taken, if she was not entitled to a specific performance of the contract, she had paid an amount as rent greatly in excess of the reasonable rental value of the property, and was entitled to an accounting to ascertain the reasonable rental of the property, and prayed for a decree against the respondent Ledbetter for such amount as was in excess of such reasonable rent. The defendants demurred to the bill as last amended, and, on submission on the demurrer, a decree was entered sustaining the demurrer, with leave to the complainant to amend. So far as the record here shows, without amending the bill, after the demurrer was sustained thereto, the cause was submitted for final decree, and a final decree was entered dismissing the bill, from which the complainant now appeals.

[1, 2] The effect of the decree sustaining the demurrer to the bill as last amended was to put the complainant out of court, unless the bill was amended. Coleman v. Butt, 130 Ala. 268, 30 So. 364; Howell v. Howell, 171 Ala. 502, 54 So. 601; Cottingham v. Greely, 123 Ala. 479, 26 So. 514; Ferris v. Hoglan, 121 Ala. 240, 25 So. 834; Tatum v. Tatum, 111 Ala. 209, 20 So. 341.

The last amendment, when construed most strongly against the pleader, as must be done on demurrer, assumes that there was a forfeiture by the complainant which would deprive her of the right to a specific performance, and, in so far as it asserts a claim for an accounting for excessive rent, is clearly inconsistent with the provisions of the contract, which provides that on a failure on the part of the complainant to meet the payments or pay the taxes and insurance, the other party to the contract "may declare this contract to be one of rental, and may apply all payments which have been made to him as rent on said property for past occupancy, which amounts are hereby agreed to be a reasonable amount therefor," and the demurrer to the bill as last amended was properly sustained. Henry v. Tenn. Live Stock Co., 164 Ala. 376, 50 So. 1029.

We find no error in the record, and the decree dismissing the bill is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.