ALABAMA WAREHOUSING CO. v. STATE.

1 Div. 784.

Supreme Court of Alabama.

June 22, 1933.

Rehearing Denied Sept. 28, 1933.

Harry T. Smith & Caffey, of Mobile, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Albert A. Carmichael, Asst. Atty. Gen., for the State.

BROWN, Justice.

This is an action of indebitatus assumpsit by the state of Alabama against appellant Alabama Warehousing Company, incorporated under the laws of Delaware, and qualified under the laws of Alabama to engage in the business of storing cotton for compensation, to recover $100, the privilege or license tax, alleged to be due the state for the tax year 1931–1932, under schedule 114 of section 361 of the General Revenue Law. Gen. Acts of 1919, p. 436.

The defendant interposed the general issue and special plea 2, which appears in the reporter's statement of the case.

The state demurred to plea 2, on grounds, among others, that the Congress exceeded its powers in the enactment of the "United States Warehouse Act" (USCA title 7, c. 10 §§ 241–273, 39 Stat. 486) ; and that "the plea sets up a state of facts which show that the license required by the State of Alabama is not directly a burden upon interstate commerce, and that the State has the right, in the exercise of its police power, to require the license in question." The demurrer was overruled, and issue was joined by the state on the pleas. The case then proceeded to trial before the court sitting without a jury, resulting in a judgment in favor of the plaintiff, from which the defendant prosecutes this appeal.

There are but three assignments of error in the record, to wit:

"1. The Court erred in rendering judgment for the plaintiff (Appellee).

"2. The Court erred in not rendering judgment for the defendant (Appellant).

"3. The Court erred in rendering judgment for the plaintiff (Appellee) and against the defendant (Appellant) for the sum of One Hundred ($100.00) Dollars."

The contention of the appellant is that the Congress in the enactment of the "United States Warehouse Act" was well within the authority vested in the Congress by the commerce clause of the Federal Constitution, and that the effect of the act, and the regulations in pursuance thereof, occupied the entire field of regulating and licensing of warehouses handling commodities intended to pass into interstate commerce, and this operates to exclude the power of the state to tax the privilege. The appellee confines its argument to the same question; its main contention being that the act is unconstitutional and void.

As we view the record, neither of these questions is presented by this appeal. The circuit court, by overruling the demurrer to the defendant's plea, determined the issues of law presented by the plea and the demurrer thereto in favor of the appellant; and it is

well settled that this court on appeal will not consider the constitutional validity of statutes, unless the question is presented and is essential to a disposition of the case. State ex rel. Crumpton v. Montgomery et al., Excise Commissioners, 177 Ala. 212, 59 So. 294; Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021.

There is no insistence in the brief and argument filed by the appellant that the evidence does not support the averments of the complaint, or that it proves, without dispute, the averments of the special plea. The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice. .

█ Where the question presented on appeal arises, not upon demurrer to the pleading, but upon the sufficiency of the evidence to sustain the plea, the pleading is construed liberally in favor of the conclusion and judgment of the trial court. So construing the defendant's special plea 2, it alleges that the defendant was solely in the business of storing or handling cotton for interstate and foreign commerce, and the agreed stipulation of facts shows that said defendant was not so engaged, but stored cotton for delivery in Alabama, along with cotton for interstate and foreign shipment. Therefore the evidence did not, without dispute, sustain the averments of the plea.

██ The appellant now insists that the validity of the statute levying the tax is presented under the plea of the general issue. Granting this to be so, without so deciding, it does not appear that the statute impinges the act of Congress authorizing the licensing of warehouses that are engaged in storing cotton for interstate commerce; nor does the Act of Congress as amended by the Act of March 2, 1931, 46 Stat. 1465 (7 USCA § 244 et seq.), in letter or spirit impinge the right of the state to levy a license tax for revenue on private persons or corporations engaged in the business of storing cotton, for both inter and intra state commerce in the states.

The act as amended provides, inter alia: "State and other laws not affected; enforcement of State laws. In the discretion of the Secretary of Agriculture he is authorized to cooperate with State officials charged with the enforcement of State laws relating to warehouses, warehousemen, weighers, graders, inspectors, samplers, or classifiers; but the power, jurisdiction, and authority conferred upon the Secretary of Agriculture under this chapter shall be exclusive with respect to all persons securing a license here-

under so long as said license remains in effect," etc. USCA title 7, § 269; Independent Gin & Warehouse Co. v. Dunwoody (C. C. A.) 40 F.(2d) 1, same case in District Court 30 F.(2d) 306.

█ The power to tax for revenue is an attribute of sovereignty, and Congress had no authority by the exercise of the police power to impinge or destroy such power inherent in the state over legitimate subjects of taxation within its jurisdiction. To concede such power would make the continued existence of the state depend upon the will of Congress. State v. Wright, 224 Ala. 357, 140 So. 584. No such authority has ever been granted to or assumed by Congress. Western Union Tel. Co. v. City of Decatur, 16 Ala. App. 679, 81 So. 199; Phoenix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am. St. Rep. 143; Postal Telegraph Cable Co. v. City Council of Charleston, 153 U. S. 692, 14 S. Ct. 1094, 38 L. Ed. 871.

Our judgment is that the application for rehearing is without merit.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.