187 So. 458

**AMERICAN SURETY CO. OF NEW YORK v. KING.**

**6 Div. 310.**

Supreme Court of Alabama.

Feb. 9, 1939.

Rehearing Denied March 30, 1939.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, and Foster, Rice & Foster and Hyman Rosenfeld, all of Tuscaloosa, for appellant.

Robert W. Smith and Robt. E. Smith, both of Birmingham, for appellee.

**BROWN, Justice.**

Special assumpsit by appellee King, suing as the assignee of McCalla & Kenan, civil engineers, against appellant, American Surety Company of New York, as surety on the official bond of Sampson D. McGee, as Tax Collector in and for Tuscaloosa County, for an alleged breach of the conditions of said bond.

The appeal is from a judgment entered by the court, sitting with a jury, in favor of the plaintiff. The evidence is without dispute and the question of law decisive of the case is clearly raised by the pleadings and objections to the evidence.

The basis of the plaintiff's action is costs and expenses incident to a proceeding in the Probate Court of Tuscaloosa County, under Act No. 155, approved July 21, 1927, generally referred to as "The Alabama Drainage Act," Gen.Acts 1927, pp. 106–138. The requisite number of land owners filed a petition thereunder in the Probate Court of Tuscaloosa County, to establish a drainage district as provided in said Act, and suggested that said McCalla & Kenan, civil engineers, be appointed by the court to make the preliminary survey, and report to the court as provided in Section 4 of said Act.

The court entered an order appointing said civil engineers, and in the order determined the rate of compensation to be paid the engineers for preliminary surveys and reports.

The preliminary survey was made and maps thereof filed with the report of the engineers, a date fixed for the final hearing and notice by publication was given, as provided in Section 5 of the Act.

On the final hearing the court found and adjudged the petition sufficient in law, that the lands embodied in the survey were and "are subject to overflow and are too wet for cultivation or other use and the public benefit and utility, and the public health, convenience and welfare will be promoted by draining and ditching or leveling the same, and by changing and improving the natural water course;" that said petition shows that more of said lands were situated in Tuscaloosa County than any other County; and that petitioners constituted "approximately 56 per cent in number of the landowners owning lands in said proposed [drainage] District; and that they own approximately 35% per cent of the acreage in said proposed [drainage] District."

The court then, on motion of the petitioners, dismissed the petition and taxed all of the petitioners and their lands with the costs of the proceedings, including the costs and expenses of the surveys and reports, made by McCalla & Kenan, civil engineers, and declared that the same should be a lien on the property of said petitioners.

The statute provides: "If the Court at the final hearing *shall find against the sufficiency of the petition or the improvement* it shall dismiss the petition and proceedings at the cost of the petitioners and shall issue an itemized bill of all costs and expenses, which itemized statement of costs and expenses shall have the full force and effect of a judgment and constitute a lien upon the lands of the petitioners within said proposed district, which liens shall be of equal dignity with the lien for general state, county, city, village, school and road taxes, and the court shall forthwith order the levying and collection of a uniform acreage tax on all of the lands included in the petition owned by the petitioners for organization to meet the expenses incurred, and such tax shall be due and payable as soon as levied, and if not paid by the 31st day of December in the year in which it is levied, the same shall become delinquent and shall be turned over to the tax collector of the county in which the lands are located for collection, and the collection of such taxes shall be proceeded with in the same manner as delinquent general state and county taxes." Gen.Acts 1927, pp. 109, 110, § 7. (Italics supplied.)

512

We are not now called upon to determine the liability or not of said land owners in an appropriate action for the costs and expenses incident to said proceedings, but whether the proceedings and decree of the Probate Court created a lien on their property, and imposed on the tax collector of Tuscaloosa County the duty of collecting such costs and charges by a sale of said property or otherwise.

Adhering to the well established rule that the court on appeal will not pass on the constitutionality of an Act of the Legislature unless it is essential to the disposition of the case, we proceed on the assumption that said Act under which the proceedings were instituted is a valid enactment. State ex rel. Knox v. Dillard et al., 196 Ala. 539, 72 So. 56.

The jurisdiction conferred on the Probate Court is statutory and limited, yet it is very clear, we think, that the court's jurisdiction was efficaciously invoked by the filing of the petition by the requisite number of land owners owning lands in said proposed drainage district, and that the petition contained the necessary jurisdictional averments. Gen.Acts 1927, p. 107, § 4.

The basis, however, for fixing a charge and lien on the property of the petitioners in said proceeding is that "the court at the final hearing shall find against the sufficiency of the petition or the improvement." This predicate, as the undisputed evidence shows, is absent. Statutes creating liens and charges against property, in derogation of the common law, are *strictly construed,* and the letter of the statute must be observed. Duncan v. Ashcraft, Adm'r etc., 121 Ala. 552, 25 So. 735; Ladd v. Smith, 209 Ala. 114, 95 So. 280; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Duncan v. Autauga Banking & Trust Co., 223 Ala. 434, 136 So. 733; Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36.

In the absence of a lien enforcible by a sale of property, the tax collector was without authority to proceed and the surety on his official bond is not liable.

The judgment of the Circuit Court is reversed and one here rendered in favor of the defendant.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.