171 So.2d 247

**CITY OF MOBILE et al.**

**v.**

**GULF DEVELOPMENT CO., Inc.**

**1 Div. 72.**

Supreme Court of Alabama.

Jan. 21, 1965.

Wm. R. Lauten, S. P. Gaillard, Jr., and Hardy B. Smith, of Gaillard, Gaillard, & Smith, Mobile, for appellants.

Sullivan & Cameron, Mobile, for appellee.

COLEMAN, Justice.

Two appeals are presented in a suit for declaratory decree, allegedly brought pursuant to § 156 et seq., Title 7, Code 1940.

Complainant is Gulf Development Company, Inc., a corporation, sometimes referred to as Gulf. Respondents to the original bill are the City of Mobile, the members of the city commission, and the tax collector of Mobile County. The city and the commissioners will be collectively referred to as the city. The city has appealed from the final decree rendered May 18, 1962.

The Board of Water and Sewer Commissioners of the City of Mobile, a public body organized under Act No. 775, approved September 11, 1951, Acts of 1950–1951, Vol. II, page 1359, and the members

constituting said board, filed a petition for intervention. They will be collectively referred to as the board or as intervenor. The court sustained complainant's demurrer to the petition. We find no order dismissing the petition.

The city filed a cross-bill making complainant and the board cross-respondents. The board answered and admitted the allegations of the cross-bill. Complainant demurred to the original and amended cross-bills and the court sustained the demurrer in both instances. We find no decree dismissing the cross-bill.

The board gave notice and security for costs of appeal from the decree sustaining the demurrer to the petition for intervention and also from the final decree. Complainant has moved to dismiss the appeal as to the board.

Averments of the bill are that: the legislature enacted Act. No. 18, Acts of 1956, page 279, approved March 16, 1956, and, by its terms, made the act effective June 2, 1956; the act enlarged the corporate boundaries of the City of Mobile; Section 3 of the act recites as follows:

"Section 3. Any area which is located within the boundaries of the City of Mobile, as set out in section one above, but which was not a part of the City of Mobile prior to the passage of this act fixing the above said boundaries, shall not be subject to assessment for ad valorem taxation by the City of Mobile until the said City of Mobile shall make available, furnish or cause to be furnished through any board whose members are appointed by the City of Mobile, to said area and the residents thereof the following municipal services: police protection, fire protection, garbage collection, street lighting, water service, sanitary sewer service, and street maintenance. The city commission of the City of Mobile, each year when it adopts an ordinance assessing real property within the City of Mobile for ad valorem taxation shall describe in said ordi-

nance the area which was previously been subject to the city's ad valorem taxation and shall describe in addition thereto such other areas within the boundaries as set out in section one above in which the city commission is furnishing all of the above described services during the year for which said ad valorem tax is being levied; and said ordinance shall also describe the areas within the City of Mobile where all of said services are not being rendered and shall exempt such areas from city ad valorem taxation for said year. *In no event shall city taxes be levied or collected on or with respect to annexed property served by existing water and/or sewer main and lateral lines (not including individual residential or commercial service lines) which were connected to the municipal system with the consent of the city or of the Board of Water and Sewer Commissioners prior to the date of this enactment, at the expense of the owners of such water and/or sewer lines, until the city, or the Board of Water and Sewer Commissioners of the city, shall have reimbursed the owners of such water and sewer lines for the cost of installing such lines, or shall have acquired such lines and paid a just compensation therefor; provided, that any such water and/or sewer lines which were released by the owners to, or otherwise acquired by, the City of Mobile or the Board of Water and Sewer Commissioners prior to the date of this enactment shall not be subject to the reimbursement or compensation provided for above.*" (Emphasis supplied.)

We have emphasized that portion of Section 3 which was not a part of the advertised bill but was added by amendment during passage. This emphasized portion we will refer to as the reimbursement proviso.

Further averments of the bill are that complainant "was the owner, subdivider and developer of the subdivisions and real property" described in Exhibit A attached to the bill; all said real property was outside the corporate limits of the city prior to passage of the act, but all said real property was by said act annexed to and brought within the corporate limits of the city; complainant, with consent of the board, at "its own expense," and prior to the enactment of the act, did install in the subdivisions and real property described in Exhibit A, water and sewer lines and did connect same to the municipal sewer and water system of the city; the cost of installation was $244,662.40; neither the city nor the board has acquired such lines nor paid or reimbursed complainant any sum whatever for the cost of installing such lines nor has complainant received or been paid just compensation for such lines.

Complainant further avers that: the city adopted four certain ordinances in 1958, 1959, 1960, and 1961, respectively, levying municipal ad valorem taxes on all real and personal property in a portion of the area annexed to the city by Act No. 18; part of the real property described in Exhibit A, of the bill, is located in the area described in Section Two of each of the ordinances for 1958 through 1961, and the remainder of the real property described in Exhibit A is in the area described in Section Two of the 1960 and 1961 ordinances; the pertinent provisions of said ordinances were adopted pursuant to Act No. 18.

Complainant further avers that the city did not comply with the act prior to levying ad valorem taxes on the annexed property, and complainant contends that Section Two in each of said ordinances is invalid because the act required complainant to be reimbursed and paid for its lines before the city could levy taxes in said annexed area; the tax collector has collected taxes for the city on the property in said area and the collection is illegal because the ordinances are invalid.

Complainant avers "that an actual and justiciable controversy exists between the Complainant and the Respondents on which

substantial property rights are dependent; that the Complainant is the owner of real property located in the City of Mobile, Alabama, and is a tax payer in said City."

Complainant prays for temporary injunction to enjoin the tax collector from collecting taxes for the city on the real estate in the annexed area; that the court declare that the city has not complied with the act; that Section Two in each of the ordinances be declared illegal and invalid; that the injunction against the tax collector be made permanent; that the city be permanently enjoined from further attempt to levy taxes on the annexed area until the city or the board fully complies with Act No. 18; and for general relief.

Process was served on the attorney general.

The city and tax collector demurred to the bill and demanded trial by jury. The court overruled the demurrers and this is assigned for error. The court struck the demand for jury and this is assigned for error.

Respondents, in answer to the bill, alleged that part of Act No. 18 is unconstitutional and void; admitted the adoption of the tax ordinances; admitted that the property described in Exhibit A of the bill is described in the ordinances as alleged, that the ordinances were adopted pursuant to Act No. 18, that the ordinances did levy taxes as alleged, and that the tax collector collected taxes for the city as alleged in the bill; denied the other averments of the bill; denied that complainant is vested with such right in or to the claims or the lands which will enable complainant to maintain this suit; and denied that complainant is entitled to relief as prayed.

The board obtained leave to file petition for intervention and did file such petition, praying to be allowed to intervene. We have not found the date on which the petition was filed, but complainant accepted service February 26, 1962.

On February 20, 1962, the board filed an answer to the bill whereby the board adopted the answer which respondents had filed.

Respondents filed a cross-bill seeking a decree declaring that: the reimbursement proviso in Act No. 18 is unconstitutional and void; the invalidity of the proviso does not invalidate the remainder of the act; Gulf is limited in its recovery in certain respects; Gulf is entitled to no compensation; Gulf has parted with its ownership of abutting property and streets in which said lines lie; Gulf has transferred any right to any refunds which may be due to grantees of lots abutting the streets in which the lines lie; Gulf is indebted to the board for connecting to its lines. Attached to the cross-bill as Exhibit B, is a letter from Gulf to the board, whereby Gulf requested the board to make "the extension necessary to serve this area outside the City limits at our expense."

Complainant's demurrer to the cross-bill contained fifty-five grounds. Sustaining complainant's demurrer to the cross-bill is assigned for error.

Respondents amended their cross-bill to allege that streets lying within the area described in the bill of complaint are streets dedicated to the public; that Gulf has no license from the city to maintain the lines within the streets; that the right to be served through the lines is not vested in abutting property owners or in Gulf, and Gulf sold its interest "in practically all" lots within the subdivision to various parties and divested itself of any interest in said lots or any improvements thereon, including the right to use the lines; that all parties having an interest in the lots are necessary parties for that if title to the lines is not vested in the board, then the title is vested in abutting property owners, subject to any rights the city may have.

By the amendment, respondents attached to the cross-bill a list of the names and addresses of several hundreds of persons and allege that they own an interest in the lots

and are now using the water lines. Respondents pray that these lot owners be made respondents to the cross-bill.

Demurrer to amended cross-bill was sustained. This ruling is assigned as error.

On May 17, 1962, the day before the date of final decree, respondents filed in open court a further amendment to the cross-bill. The amendment sets out a detailed statement showing the advertisement and legislative history of Act No. 18. It is alleged in the amendment that the reimbursement proviso is unconstitutional because it violates certain sections of the Constitution of 1901. Respondents pray that the reimbursement proviso be declared unconstitutional.

Complainant's demurrer was refiled to the amended cross-bill and sustained. This is assigned as error.

Respondents filed amendment to their answer by adding Paragraph Sixteen, which sets out the legislative history of Act No. 18 and alleges that the reimbursement proviso is violative of constitutional provisions.

Complainant moved to strike Paragraph Sixteen from respondents' answer. The court granted complainant's motion to strike and this is assigned for error.

After hearing, the court found that complainant, prior to date of enactment of Act No. 18, did, with the city's consent, install the lines at complainant's expense, and complainant was the owner of the lines "at the time of such installation"; that complainant has not been reimbursed for cost of installation; that complainant "has not released nor did the City of Mobile or the Board of Water and Sewer Commissioners of said City otherwise acquire such sewer and water lines so installed by the Complainant prior to the date of said Act No. 18"; that pursuant to Act No. 18, the city did adopt the four taxing ordinances; and that payment to complainant for cost of installation of the lines is a condition precedent to the lawful levy and collection of taxes on the affected property.

The court declared that Section Two in each of the ordinances is invalid in that the city has not complied with Act No. 18 and the collection of taxes in the described areas is unlawful and void; that the city be permanently enjoined from levying or attempting to levy taxes on property in the affected area until the city or the board shall have reimbursed complainant for installation of the lines in the described area; and that the tax collector be likewise enjoined.

*Motion to Dismiss.*

Complainant moves to dismiss the appeal undertaken by the board. As already stated, the board undertook to appeal from the decree sustaining demurrer to the board's petition to be allowed to intervene and also from the final decree.

Grounds of the motion are: first, that the decree sustaining demurrer to the petition for intervention is interlocutory and will not support an appeal; and, second, the board was never permitted to intervene, never became a party to the suit, is not bound by the final decree, and, therefore, have no right to appeal from the final decree.

The board obtained leave to file, and did file, a petition praying inter alia: "That your Petitioner be allowed to intervene in this cause."

Complainant demurred to the board's petition and the court, by decree dated April 6, 1962, sustained the demurrer. We find no further order relating to the board's petition for intervention, no order making the board a party to the suit, and no order dismissing the petition for intervention.

Complainant's motion to dismiss the board's appeal thus raises the question whether the order sustaining the demurrer to the petition for intervention is an order which will support an appeal.

In Thornton v. Highland Avenue & Belt Railroad Co., 94 Ala. 353, 10 So. 442, this court denied a motion to dismiss an appeal. There a demurrer had been sustained to a petition filed by one seeking to intervene in a suit against a receiver, and the petition had been dismissed

See: Franklin v. Dorsey-Jackson Chevrolet Co., 246 Ala. 245, 20 So.2d 220, 157 A.L.R. 154; Rollins v. Deason, 263 Ala. 358, 82 So.2d 546; City of Birmingham v. Hallmark, 266 Ala. 582, 98 So.2d 15.

In Cortner v. Galyon, 223 Ala. 405, 137 So. 30, on appeal from a decree overruling a demurrer to a "petition of intervention," this court concluded that the decree overruling the demurrer was such an interlocutory decree as came within the influence of section 6079, Code 1923; § 755, Title 7, Code 1940; and would support an appeal.

At the time of Cortner, however, section 6079 authorized an appeal from a decree sustaining or overruling a demurrer to a bill in equity. § 755, Code 1940, as amended by an act of the legislature approved September 15, 1961, does not now authorize such appeals.

■ We hold that the 1961 amendment of § 755 made such a change that the decree sustaining the demurrer to the petition for intervention will not support an appeal.

■ The board argues, however, that because the city and tax collector filed a cross-bill which made the board a cross-respondent, because the board accepted service of the cross-bill and filed an answer admitting the averments of the cross-bill, ". . . for this reason alone, the Board was a party to the action." The further argument is that, since the board became a party by being made a cross-respondent, the board has a right to appeal from the final decree in the cause, and, on appeal from the final decree, to assign as error the ruling sustaining the demurrer to the board's petition for intervention.

The argument omits to take account of the effect of the decree sustaining complainant's demurrer to the cross-bill. We do not understand that the record discloses a decree dismissing the cross-bill. Neither side cites any authority going to decide whether a cross-respondent, who confesses the cross-bill, becomes a party when a demurrer filed by another cross-respondent is sustained and no further action is taken with respect to the cross-bill.

Section 754, Title 7, Code 1940, provides that from "any final . . . decree . . . an appeal lies . . . on the application of either party * * *." In Dorsey v. Sibert, 93 Ala. 312, 9 So. 288, this court dismissed an appeal attempted by a receiver. The court said that the statute confers the right of appeal, and "It can be claimed, 'as matter of right,' only by one of the parties, or his personal representative."

If the board did not become a party, then the board cannot appeal from the final decree. Security Life & Accident Insurance Co. v. Crescent Realty Co., 273 Ala. 624, 143 So.2d 441.

As we understand the case, the interests of the board are the same as the interests of the city, or, at least, the board has such interest as to cause the board to unite with the city in opposing the claim made by complainant. Did the city, by cross-bill, bring into the case as a party, a cross-respondent whose interests were identical with the city's interest, where the court sustained the demurrer filed by the other cross-respondent but did not dismiss the cross-bill?

■ As to the decree sustaining complainant's demurrer to the city's cross-bill, we are not aware of any reason why the effect of such decree, with respect to bringing in a party, is not the same as would be the effect of a decree sustaining a demurrer to an original bill of complaint. The effect of a decree sustaining a demurrer to the bill as last amended was to put the complainant out of court, unless the bill was amended, in Pope v. Ledbetter, 216 Ala. 302, 113 So. 20.

■ When a demurrer is sustained to a bill, the legal effect of that action is to eliminate the bill until amendment is filed. Savage v. Savage, 246 Ala. 389, 20 So.2d 784; Comer v. Limbaugh, 256 Ala. 655, 57 So.2d 72.

■ In the instant case, we hold that sustaining complainant's demurrer to the amended cross-bill eliminated it, as far as complainant is concerned, until the cross-bill was further amended. It was not further amended. The board did not become party to the suit, as against complainant, and the board has no right to appeal, as against complainant, from the final decree. It follows that complainant's motion to dismiss the board's appeal is due to be granted.

### City's Appeal.

The city's appeal remains to be considered. The city and appellee have devoted much of their briefs to arguing the constitutionality of the reimbursement proviso and of the entire Act No. 18. By striking Paragraph Sixteen of the city's answer and by sustaining complainant's demurrer to the city's cross-bill as last amended, the learned trial court, as it seems to us, declined to hear the city's contention that the reimbursement proviso violated constitutional provisions.

In Smith v. Speed, 50 Ala. 276, 282, 283, this court quoted approvingly as follows:

" . . . 'In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record; yet, if the record also presents some other and clear ground, upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, the court will take that course, and leave the question of constitutional power to be passed upon when a case arises which cannot be otherwise disposed of, and which, consequently, renders a decision upon such question necessary.' Cooley on Cons. Lim. 163. . . . "

■ This court, on appeal, will not consider the constitutional validity of statutes, unless the question is presented and is essential to a disposition of the case. Alabama Warehousing Co. v. State, 227 Ala. 258, 261, 149 So. 843; American Surety Co. of New York v. King, 237 Ala. 510, 187 So. 458.

Following the above stated rule, we do not now undertake to decide whether all or any part of Act No. 18 is invalid because violative of the Constitution of 1901.

In view of the reversal of the decree for reasons hereafter noted, we do not undertake to consider all errors that are argued, but write only to those questions which appear to be appropriate for consideration and which may arise on another trial.

### Assignment 11.

This assignment is that the court erred in granting complainant's motion to strike Paragraph Sixteen of respondents' answer to the bill of complaint.

Respondents, by amendment, added Paragraph Sixteen to their answer. Paragraph Sixteen sets out, in considerable detail, the legislative history of Act No. 18. In Paragraph Sixteen, respondents aver that the reimbursement proviso is invalid because Sections 45, 106, and 104(15) of Constitution of 1901 have been violated.

Complainant moved to strike Paragraph Sixteen because:

"1. That said Paragraph Sixteen alleges matters and things upon which affirmative relief is sought but no affirmative relief is prayed for.

"2. Because the matters and things alleged in said Paragraph Sixteen must be considered in the nature of a cross-bill and no relief is prayed for by the Respondents."

We have not found any authority to support the proposition that part of an answer may be stricken on motion for the reasons here stated. Even if, however, the grounds of the motion should be good grounds, we

do not think the motion should have been granted.

In Paragraph Fifteen of their original answer, respondents did "deny that the Complainant is entitled to relief as prayed." Adding Paragraph Sixteen to the answer did not strike out the denial of complainant's right to relief. All respondents insist upon is that complainant is not entitled to the relief prayed for. We do not understand how or why respondents were bound to ask for any additional relief. The matters averred in Paragraph Sixteen purport to be in support of respondents' insistence that complainant is not entitled to the relief prayed for. It may be that respondents were mistaken in believing that the matters alleged in Paragraph Sixteen support their denial of complainant's asserted right, a question we do not here decide, but respondents were entitled to have the allegations of Paragraph Sixteen considered by the court in declaring the effect of Act No. 18 and the rights of the parties thereunder.

If any part of the instrument, purporting to be an answer, is entitled to the character of an answer, that is, if it be an answer to any one material fact alleged in the bill, the court will not take it off the file, but will leave the plaintiff to except to it for insufficiency. May, Tindall v. Williams, 17 Ala. 23. The sufficiency of an answer can be tested only by exceptions thereto. However defective, an answer cannot be stricken for insufficiency. City of Woodlawn v. Durham, 162 Ala. 565, 50 So. 356. See: Alabama Equity Pleading and Practice, Tilley, § 100. We are of opinion that the court erred in striking Paragraph Sixteen of respondents' answer.

### Necessary Parties.

The bill makes respondents only the city and tax collector. Ground 12 of city's demurrer takes the point that the board is a necessary party. The argument on appeal raises the point that the board is a necessary party. By amendment to its cross-bill, the city sought to make the owners of the lots in the annexed area parties to the suit.

"The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. Prout v. Hoge, 57 Ala. 28. See also: Batre v. Auze's Heirs, 5 Ala. 173; McMaken v. McMaken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; McCully v. Chapman, 58 Ala. 325; Watson v. Oates, 58 Ala. 647; Amann v. Burke, 237 Ala. 380, 186 So. 769; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259; Garrison v. Kelly, 257 Ala. 105, 57 So. 2d 345." Rollan v. Posey, 271 Ala. 640, 645, 126 So.2d 464, 468.

"The Declaratory Judgment Act, Michie's Sup.Code, § 7881(11) required necessary parties to be brought in. Regardless of this statute the presence of necessary parties is jurisdictional.

"No matter what may be the wishes of the parties in court the courts will not entertain and render decrees,

which, for want of necessary parties, cannot adjudicate the questions presented. This rule has been declared by many courts in cases under the Declaratory Judgment Law. Borchard Declaratory Judgments, p. 104 et seq.; Note: 87 A.L.R. 1244; State ex rel. Mellott v. [Board of Com'rs of] Wyandotte County, 128 Kan. 516, 279 P. 1; Perry v. Elizabethton, 160 Tenn. 102, 22 S.W.2d 359." Holland v. Flinn, 239 Ala. 390, 392, 195 So. 265.

▇▇ . The language of the reimbursement proviso contemplates that connections to water and sewer mains were made "with the consent of the city or of the Board of Water and Sewer Commissioners." The proviso contemplates that reimbursement for the lines may be made by the city or the board. The proviso contemplates acquisition of the lines by or release of same to the city or the board. We think it may be fairly inferred that the board is now using the lines in controversy to furnish water and sewer service in the annexed area.

On these considerations, we are of opinion that the board is a necessary party to this suit.

It is the contention of the city that when complainant conveyed the lots in the annexed area, the title to, or at least a substantial interest in, the water and sewer lines, which were then in place in the streets, passed to the grantees of the lots or to the city or to the board. Neither the owners of the lots nor the board are parties. If the court is to decide who owns the lines, then the lot owners, as well as the board, should be parties to the suit which is to determine their rights in the lines.

▇▇ It seems appropriate to suggest that the property owners in the annexed area are necessary parties to a suit in which the court is going to decide whether or not the city may rightfully collect taxes from the property owners. We hold that the property owners are necessary parties and are of opinion that for failure to join

the board and lot owners as parties, the decree is due to be reversed.

*Assignments 2 and 9.*

The city argues that the court erred in overruling the city's demurrer to the bill of complaint because the averments of the bill fail to show that complainant owned the water and sewer lines for which complainant seeks payment, or any property in the annexed area, either on the effective date of Act No. 18 or on the date the bill was filed. The argument is that failure to show such ownership in the complainant is a failure to show that complainant has such an interest in the subject matter of the suit as to entitle complainant to a declaration of its rights in relation to the subject matter.

▇▇ The bill may be subject to demurrer for failure to show that complainant has a justiciable interest in the subject matter, but we have not found any ground of demurrer which takes this point. Grounds 7 and 9 of the city's demurrer assert that the allegations of the bill fail to show that complainant is entitled to compensation or reimbursement, but none of the grounds, as we understand them, asserts that complainant is not entitled to declaratory relief. The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; Metzger Bros. v. Royal Indemnity Co., 274 Ala. 643, 151 So.2d 244.

If all necessary parties were before the court, the absence of pleading and proof going to show complainant's ownership of lines or property might be considered under Assignment 2, which asserts that the court erred in granting to complainant the relief sought.

Complainant contends:

" . . . That portion of section 4 of the amended Act 18:

442

"'At the expense of the owners of such Water and/or Sewer lines shall reimbursed (sic) the owners of such Water and Sewer lines for the cost of installing such lines'

clearly shows that it was the intention of the Legislature that 'owners' meant the person who installed and/or owned the lines prior the date of the enactment of Act 18. Any change in ownership since the enactment date is immaterial; it was not the intention of the Legislature that the ownership date would be the date suit was commenced. No other construction of ownership can be placed on section 4 as amended."

The city contends that the intention of the act is that the owner, who is to be reimbursed, is the person or persons who owned the water and sewer lines either on the effective date of Act No. 18 or on the date the bill of complaint was filed.

█ As we understand complainant's brief, it is not complainant's contention that complainant owned the lines on the effective date of the act, or on the date the bill of complaint was filed. If complainant was not owner on either date, then another, possibly the city, the board, or the grantees of the lots in the annexed area, was owner on these dates. If the court is to decide the date of ownership intended by the act, then those whose rights depend on that decision ought to have an opportunity to be heard by the court on determination of the question. The board and the grantees of the lots are interested in this question and we are of opinion that the board and grantees ought to be made parties to the suit before the question is decided.

### Assignments 4 and 8.

These assignments are that the court erred in enjoining collection of taxes in the annexed area until the board or the city shall have reimbursed complainant for the lines.

In support of this contention, City of Gadsden v. American National Bank, 225 Ala. 490, 144 So. 93; and Crow v. Outlaw, 225 Ala. 656, 145 So. 133, are cited. In Crow v. Outlaw, the court said:

"But the argument for complainant overlooks the well-settled general rule, founded on the broad ground of public policy, 'which cannot lend its sanction to any remedial proceeding which might clog the machinery of civil administration,' that a taxpayer cannot resort to a court of equity to enjoin the collection of a tax claimed to be illegal, unless with the illegality of the tax there is connected some recognized ground of equitable jurisdiction. . . ." (225 Ala. at page 657, 145 So. at page 133)

Complainant does not assert it is presently the owner of any taxable property situated in the annexed area described in Section Two in any of the ordinances adopted in 1958, 1959, 1960, or 1961, or liable for any tax on such property. The injunction does not relieve complainant from any tax liability.

Numerous cases may be found where taxpayers have sought to enjoin the levy or collection of taxes sought to be imposed on property of the complaining taxpayer; but we are not advised of any case where injunction has been sought against a taxing authority, not by one who seeks to be relieved from liability for the tax, but by one who seeks to coerce the taxing authority into paying to the complainant a sum allegedly due. In that last respect this case appears to be sui generis.

█ Under the general rule, collection of a tax will not be enjoined at the suit, even of a taxpayer, unless, coupled with the illegality of the tax, there is some recognized ground of equitable jurisdiction.

█ We do not think the instant complainant has any greater right to injunction than a taxpayer would have. Under the circumstances here we do not see that complainant has shown any recognized ground of equitable jurisdiction, and, for that rea-

son alone, if for no other, are of opinion that the court erred in enjoining collection of taxes in the annexed area.

*Assignment 12.*

This assignment is that the court erred in granting complainant's motion to strike respondents' demand for trial by jury.

■ With respect to the right to a jury trial in declaratory proceedings this court has said:

"A case may arise under the act in which an action in common-law form is available against a defendant on account of an existing default, and in which defendant would be entitled to a jury trial. If proceeding for a declaratory judgment is begun in equity, and defendant wishes and demands a jury trial, pursuant to his right under the law or Constitution, the court could either transfer the cause to the law docket under section 6486, Code, or have a jury trial in equity under section 6631, Code, when the verdict would be as authoritative as at law, since it was a matter of right. Brintle v. Wood, 223 Ala. 472, 136 So. 803; Karter v. East, 220 Ala. 511, 125 So. 655; Hill v. Lindsey, supra [223 Ala. 550, 137 So. 395].

"A proceeding for a declaratory judgment under such circumstances is not within the original jurisdiction of the chancery court, and cannot be used to deprive one of a jury trial secured by the Constitution. Miller v. Gaston, 212 Ala. 519, 103 So. 541." Tuscaloosa County v. Shamblin, 233 Ala. 6, 8, 169 So. 234, 236.

As already stated, we do not think that the bill of complaint, or other pleadings, dis-

closes any recognized ground of equitable jurisdiction. The purpose disclosed by the bill is to obtain a declaration that the city is bound to pay, or cause to be paid, to complainant the cost of certain water and sewer lines as a condition precedent to the levy of taxes on certain property, which complainant does not own, and to coerce the city into making such payment to complainant. The proceeding has the indicia of a proceeding to collect a debt.

■ We do not think it will be controverted that the common-law forms of action ex contractu included account, assumpsit, covenant, and debt. 1 Am.Jur.2d 551, Action, § 10.

■ The constitutional guaranty of trial by jury does not extend to causes unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution; Miller v. Gaston, 212 Ala. 519, 103 So. 541; but it seems implicit that the right to a jury is preserved in causes known to the common law. Section 11, Constitution of 1901.

■ Being of opinion that the relief here sought is of the nature of the relief recoverable in a common-law action, we are of opinion that respondents had a right to trial by jury and that the court erred in granting the motion to strike the jury demand.

For the reasons expressed, the decree is reversed and the cause remanded.

Motion granted.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.