(90 South. 896)

## Ex parte STATE.

## STATE v. WHITE FURNITURE CO.

### (7 Div. 234.)

(Supreme Court of Alabama. Oct. 27, 1921.)

1. **Taxation ⬦⇒342—Retention of title by vendor of personalty does not make him absolute owner.**

Though the title of a conditional vendor of personalty is more than a mere lien to secure the price, and the loss, if the property is destroyed, falls on the vendor, if the legal title has not passed, the retention of title does not make seller the absolute owner of the property within Revenue Act 1919, § 44, requiring that property be assessed to the owner.

2. **Taxation ⬦⇒79, 219—Personalty in buyer's possession under conditional sale contract not taxable as seller's property; conditional vendor's claim for price is exempt as a "solvent credit."**

Under Revenue Act 1919, § 44, requiring that property be assessed to the owner, personal as well as real property in possession of a vendee under a conditional sale contract cannot be assessed as the vendor's property; the vendee being the general and beneficial owner, and the interest of the vendor, whose interest is primarily in the enforcement of a collateral pecuniary claim, being the money value of the debt regarded' as a "solvent credit," which, under Acts 1919, p. 283, § 2, is exempt from taxation.

Certiorari to Court of Appeals.

Petition by the State of Alabama for certiorari to the Court of Appeals to review a judgment of such court on the appeal of the State of Alabama against the White Furniture Company, 90 South. 895. Writ denied.

Harwell G. Davis, Atty. Gen., for the State.

Personal property is assessable to the legal owner. Acts 1919, p. 298, §§ 44 to 89, incl.; 162 Ala. 469, 50 South. 117; 93 Ala. 4, 9 South. 425; 26 R. C. L. 358; 139 Mass. 266,

1 N. E. 419; 84 Ky. 502, 2 S. W. 164. The White Furniture Company was the legal owner of the property. 98 Ala. 644, 13 South. 525; 17 Ala. App. 325, 85 South. 584; 200 Ala. 586, 76 South. 944; 58 Ala. 37; 84 Ala. 316, 4 South. 31; 110 Ala. 232, 20 South. 89; 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134.

P. E. Culli, of Gadsden, for appellee.

The Court of Appeals correctly solved the question under review. 54 Ala. 499; 117 Ala. 307, 23 South. 970; section 2, p. 283, Acts 1919; 188 Ala. 505, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752; (Utah) 192 Pac. 272, 12 A. L. R. 552.

SOMERVILLE, J. This proceeding is by writ of certiorari to review the ruling of the Court of Appeals in this cause, holding that when personal property is sold on such terms as to constitute a conditional sale—that is, with a reservation of the legal title in the vendor until all of the purchase money is paid, and an option in the vendor, upon the vendee's default in its payment, to either retake the property or enforce the payment of the debt—it is the property of the vendee within the meaning of the tax laws, and 'cannot be assessed as the property of the vendor, so as to require him to pay the taxes thereon.

Section 44 of the Revenue Act of 1919 (Gen. Acts 1919, p. 299) makes it "the duty of every person in every election precinct to * * * render to the assessor under oath a full and complete list of all property of which he was the owner, or in which he had any interest whatever, or of which he was trustee or agent on the first day of October of that year."

Our assessment statutes take no account of qualified or conditional estates in personal property, and with respect to the duty of. and liability to, assessment for taxation they make no reference to legal and equitable, or general and special owners. It is not to be presumed that the Legislature intends that the same property is to be assessed against two persons, as the property of each, although one may have the legal and the other an equitable title thereto; or although one may have the general and the other a special property therein.

So, when a statute requires that property be assessed to the owner, we think it means the general and beneficial owner—that is, the person whose interest is primarily one of possession and enjoyment in contemplation of an ultimate absolute ownership—and not the person whose interest is primarily in the enforcement of a collateral pecuniary claim, and does not contemplate the use or enjoyment of the property as such.

It is well settled that when the vendee of real property is in possession under an executory contract of sale, he is liable to be

---

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

taxed as the owner. Bowls v. Oklahoma City, 24 Okl. 579, 104 Pac. 902, 24 L. R. A. (N. S.) 1299, and note collecting many authorities. The case of Tracy v. Reed (C. C.) 38 Fed. 69, 2 L. R. A. 773, cited to the contrary in 26 R. C. L. 358, § 315, is opposed to the overwhelming weight of authority.

In 27 A. & E. Ency. Law (2d Ed.) 678, it is said that:

"Assessments in the name of a person as owner who holds the equitable title to property and is in possession have been generally upheld as valid"—for which many authorities are cited.

It is, of course, to be conceded that the equitable ownership of an executory purchaser of realty is of a higher nature than is a like interest in personalty, and is more favored by the law; but for the purpose of taxation it is difficult to find any valid distinction.

[1] This court has repeatedly said that the title of a conditional vendor· of personalty is more than a mere lien for the security of the purchase money. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944, and cases therein cited.

It is also an established doctrine in this state that under such contracts, though possession has passed to the vendee, the risk of loss, in case the property is destroyed, follows the legal title; and hence, if the title has not passed, the loss falls on the vendor. Stone v. Waite, 88 Ala. 599, 605, 7 South. 117; Bishop v. Minderhout, 128 Ala. 162, 29 South. 11, 52 L. R. A. 395, 86 Am. St. Rep. 134.

Nevertheless, the retention of title by a vendor of personalty does not make him the absolute owner of the property. Bingham v. Vandegrift, 93 Ala. 283, 9 South. 280. It is, at most, a form of security for the payment of the purchase money. Tanner v. Hall, 89 Ala. 628, 7 South. 187. And in Steele v. State, 159 Ala. 9, 13, 48 South. 673, 674, we said:

"The contract committed the property to the defendant [the vendee] for himself, and not for the vendors. He had the rights of user and enjoyment which are essential characteristics entering into the legal notion of property. The contract did not contemplate a redelivery of the property to the vendors so long as its terms were observed, and its character was fixed upon its execution and delivery. If honestly entered into by the defendant it did not reserve to the vendors a property right which is protected by the statutes against larceny; nor did it confer possession on the defendant as clerk, agent, servant, or apprentice of vendors, so as to render him amenable to the statute against embezzlement."

[2] These cases lend support to the view that a conditional vendor's title, before default in payment by the vendee, and before election by the vendor to reclaim the property and thereby release the debt, is a special

property, and that the general and beneficial ownership is in the vendee; and hence that the vendor's taxable interest, if not exempted by law, is the money value of the purchase money debt, regarded as a solvent credit, while the vendee's taxable interest is the general property right.

No doubt this was the actual mode of assessment, prior to the enactment of the present law (Acts 1919, p. 283, § 2) exempting such credits from taxation.

Our judgment is that the question was correctly determined by the Court of Appeals, and the writ of certiorari will be denied.

Whether or not the vendor in this case must account for the value of his interest in this property as capital invested, so as to affect the amount of his tax in that behalf, is a·question which is not before us, and which we do not now decide.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.