145 So. 133

### CROW, Tax Collector, v. OUTLAW.

### I Div. 741.

Supreme Court of Alabama.

Dec. 22, 1932.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

## GARDNER, J.

The appeal is from an order for temporary writ of injunction, granted after hearing. Sections 8304 and 8307, Code 1923.

■ The bill as originally filed sought injunctive relief against the sale for taxes of the real estate therein described, upon the theory that, though complainant was in possession under an executory contract of purchase from the city of Mobile, yet no conveyance had been executed and the legal title remained in the city, and the property was therefore exempt · from taxation. But in State v. White Furniture Co., 206 Ala. 575, 90 So. 896, the court said: "It is well settled that when the vendee of real property is in possession under an executory contract of sale, he is liable to be taxed as the owner." The theory of the original bill was therefore untenable.

The bill was amended and the legality and regularity of the tax proceedings attacked upon the ground of ambiguity in the decretal order of sale, and, also, that for the years 1928 and 1929, complainant was a joint owner of the property with one Morrison, owning during those years only a one-half interest therein, and was liable only for the tax on such interest.

■■ But the argument for complainant overlooks the well-settled general rule, founded on the broad ground of public policy, "which cannot lend its sanction to any remedial proceeding which might clog the machinery of civil administration," that a taxpayer cannot resort to a court of equity to enjoin the collection of a tax claimed to be illegal, unless with the illegality of the tax there is connected some recognized ground of equitable jurisdiction. In the recent case of City of Gadsden et al. v. American National Bank (Ala. Sup.) 144 So. 93,[1] this general rule was reiterated, and given application, with the citation of our cases and quotations therefrom. The court in the opinion also differentiated the case of Shanks v. Winkler, 210 Ala. 101, 97 So. 142, cited by appellee here, and that authority needs no further comment. The holding was further to the effect that the tax may be paid under protest, and if illegal may be recovered in a single action, and that this offered a complete and adequate remedy at law. Sections 3140, 3143 and 3144, Code 1923.

■■ But in the instant case, aside from the foregoing holding, there were other legal remedies, as our statute makes full provision for notice to the owner of the proceedings with opportunity to appear and defend, with appeal from the assessment to the circuit court (Gen. Acts 1923. p. 175. § 39), as well also from any decree of the probate court for the sale of the property (Gen. Acts 1919, pp. 282, 359, § 262). Presumably due notice, as required by the statute, was given complainant of these proceedings, and no excuse appears for a failure on his part to avail himself of their protective provisions. City of Albany v. Spragins, 214 Ala. 449, 108 So. 32. Moreover, in view of the settled rule announced in State v. White Furniture Co., supra, there was some tax due by complainant, and the bill shows no payment or tender thereof, and in default of which a bill for injunctive relief will not be entertained. Alabama Gold Life Ins. Co. v. Lott, 54 Ala. 499; Bailey v. Folsom, Tax Col., 207 Ala. 329, 93 So. 479.

In any event, however, and viewed in any aspect of the amended bill, we are unable to find averments disclosing a recognized ground of equitable jurisdiction. The bill was without equity, and therefore will not support the issuance of a temporary injunctive writ. Pilcher v. City of Dothan, 207 Ala. 421, 93 So. 16. The order granting the temporary writ will accordingly be reversed and one here rendered dissolving the injunction heretofore issued.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

