**KEN REALTY CO., Inc., v. JOHNSON, Tax Assessor of Jefferson County, Ala.**

No. 5282.

District Court, N. D. Alabama, S. D.

Sept. 2, 1942.

Benj. Leader, John D. Hill, Leader, Hill & Tenenbaum, Wm. Alfred Rose, and Bradley, Baldwin, All & White, all of Birmingham, Ala., for plaintiff.

Harvey Deramus and Mullins & Deramus, all of Birmingham, Ala., and J. Edward Thornton, Asst. Atty. Gen., of Alabama, of Montgomery, Ala., for defendant.

MURPHREE, District Judge.

The following are substantially the allegations of plaintiff's complaint: plaintiff, an Alabama corporation, made an offer to the Federal Works Agency to purchase certain real estate owned by the United States, and the latter agency accepted the offer on March 30, 1940. Under the terms of the offer, plaintiff bid $255,010 for the property, payable in certain stated installments over a period of ten years from date of delivery of possession. Plaintiff has taken possession and regularly made the required payments on the purchase price. Defendant, after receiving an official opinion of the Attorney General of the State of Alabama that this property should be assessed for ad valorem taxes, has notified plaintiff that he shall list, return and value said property for City, County and State ad valorem taxes, at an assessed value of $130,000. For purposes of pleading, plaintiff admits this assessment correctly reflects 60% of the value of this property (the legal assessment rate in Alabama).

Plaintiff's complaint prays for an injunction against such action by defendant, and for a decree and declaratory judgment that the property involved is not subject to City, County or State ad valorem taxes, and that the rights of the plaintiff in and to such property are not subject to such taxes. The prayer for declaratory judgment was added by amendment. Defendant has filed a motion to strike the amendment on the ground that there was no jurisdiction of the original prayer for injunction, and original jurisdiction cannot be invoked by amendment. This motion to strike must be denied, as the original complaint contained sufficient demand for judgment to include within its scope a declaration of rights. Also see Rule 15(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendant has also filed a motion to dismiss the complainant, raising two types of objections to the complaint: (1) that the complaint fails to state a claim against defendant upon which relief can be granted, and (2) lack of jurisdiction to issue an injunction or to grant a declaratory judgment because of the provisions of Title 28, U.S.C.A., § 41.

Defendant's first objection goes to the very heart of plaintiff's complaint here: that defendant is illegally attempting to list for local taxation property of the United States which cannot be subjected to such taxation because of the traditional intergovernmental immunity stemming from McCulloch v. Maryland, 1819, 4 Wheat. 316, 4 L.Ed. 579. To determine the validity of this objection, two points of law must be determined. First, upon what interest and upon what party does the tax fall; this is a matter of Alabama tax and law. Second, may such interest and party be subjected to state and local taxes; this is a matter of Federal constitutional law.

Since the defendant has not yet actually assessed or levied the tax upon any interest or party, we must assume that such assessment and levy will be made upon the interest and party most properly or nearly properly taxable under state tax statutes. The defendant states, by his briefs filed here, that the interest intended to be assessed and taxed is the possessory interest of the plaintiff, and not the title and security interest of the United States. He further states that the enforcement of the tax may be against this possessory interest by in personam proceedings in an action of debt against plaintiff, and not by in rem proceedings against the property that might affect the interest of the United States. If the state law of Alabama provides for such enforcement, we must assume here that no taxation more prejudicial to the United States will be undertaken by defendant.

It seems to be the rule in Alabama that a possessory interest is subject to ad valorem tax. Code of Alabama 1940, Title 51, § 21(a, n); Crow v. Outlaw, 225 Ala. 656, 145 So. 133.

Indeed, it has been held that where title is retained solely as security for payment of the purchase price, the ad valorem tax is only assessable as against the vendee in possession, and not as against the vendor with title. State v. White Furniture Co., 18 Ala.App. 249, 90 So. 895.

It also seems to be the rule in Alabama that whatever tax the plaintiff may be

obliged to pay may be collected in an action of debt in the state court. Code of Alabama, 1940, Title 51, § 231.

■ Plaintiff argues that it cannot be defendant's intention to merely tax plaintiff's possessory interest because the intended valuation for assessment is patently for the total value of the property. This, however, is a non sequitur because a possessory interest covering the entire extent and use of the property is subject to taxation as of the entire value of the property. The possessory interest of the vendee, as in this case, is held to be identical with the interest of a mortgagor. Love v. Butler, 1900, 129 Ala. 531, 30 So. 735. And, of course, a mortgagor is required to pay the ad valorem taxes on the entire value of the property, despite the amount remaining due to the mortgagee. See City of New Brunswick v. United States, 1928, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693.

Therefore, there is no doubt that the Alabama law imposes the ad valorem tax, in a situation like the present one, and upon the vendee in possession, and so imposes it not especially where the vendor would be exempt from taxation, but indiscriminately and regularly, as an incident of the vendee's property right.

It remains, then, to determine if there be any constitutional objection to such taxation. The case of Lincoln County v. Pacific Spruce Corp., 9 Cir., 1928, 26 F.2d 435 holds that there is such objection. That case holds that the vendee may not be taxed until it has such an equity as will entitle it to a deed to the property in question, stating that such is the effect of the opinion in City of New Brunswick v. United States, 1928, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693. Plaintiff cites also Kansas Pac. Railway Company v. Prescott, 1872, 83 U.S. 603, 16 Wall. 603, 21 L.Ed. 373, for the proposition that property to which the United States has legal title may not be subjected to local taxes until the patentee has perfect equitable title.

The latter case, however, is subject to two observations: (1) the tax there in question was one which the court feared would defeat the reserved right of the Federal government in the property, and (2) the patentee had not performed such acts as were necessary to acquire any substantial rights to the lands in question. The present case is distinguishable in both particulars: (1) the tax here may be imposed in such a way that no right of the Federal government will be prejudiced; and (2) the vendee has done such acts as do, under the property law of Alabama, give it ownership of the land, the position in equity of a mortgagor. Love v. Butler, supra.

Nor do we believe that the Supreme Court of the United States in the case of City of New Brunswick v. United States, supra, founded its decision that a state could tax the property right of vendee upon the ground that the vendee could demand a deed to the property. While the opinion describes the point at which the purchasers had arrived as the time when they were entitled to deeds, it seems clear that the significance of that occasion was that the purchasers had then "become the equitable owners of the property, * * *", and the United States Housing Corporation had ceased to hold title to the property solely for its use and benefit as an instrumentality of the United States. While in the present case plaintiff may not yet demand a deed to the property, the United States no longer holds title solely for its own use and benefit, and the plaintiff is, by Alabama property law, owner of the property in the same sense that a mortgagor is owner of property.

With all due respect, then, we disagree with the opinion in Lincoln County v. Pacific Spruce Corp., supra; the authorities do not forbid local taxation of the interest of a vendee until he can demand a deed, rather do they allow taxation of the interest of a vendee as soon as he acquires a property interest recognizable in law. As long as this taxation does not affect the rights, lien and interest of the United States, there can be no objection to taxation against the purchaser upon the entire value of the property sold. City of New Brunswick v. United States, supra.

■ Our conclusion is that the complaint here does not state facts sufficient to entitle plaintiff to relief. The defendant may, in accordance with applicable Alabama tax and property law, proceed to assess and collect from plaintiff an ad valorem tax on the entire value of the property in question, without violating the sovereign immunity of the United States. The complaint will be dismissed, it being noted that this is without prejudice to any further proceedings that could be necessitated in the event defendant in fact takes any step that does violate the sovereign immunity of the United States.

The dismissal of the complaint as amended because of its insufficiencies on the merits of the case makes it unnecessary to discuss or determine the jurisdiction of the court to issue an injunction or to declare the rights of the parties.

An order of dismissal will be entered.