**KEN REALTY CO., Inc., v. JOHNSON, Tax Assessor of Jefferson County, Ala.**

No. 10544.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1943.

Rehearing Denied Jan. 19, 1944.

Benj. Leader, Kenneth Perrine, and Wm. Alfred Rose, all of Birmingham, Ala., for appellant.

W. W. Callahan, William N. McQueen, and James F. Matthews, all of Montgomery, Ala., and Harvey Deramus, of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

This case involves the liability to State taxation of property sold by the United States to a private corporation with possession given and the purchase money partly paid, but with the legal title retained to secure the balance due. An injunction and a declaratory judgment were sought by Ken Realty Company against the State Tax Assessor, to stop the assessment against itself of any tax in respect of the site of the former postoffice in Birmingham, Alabama. The District Court sustained a motion to dismiss the complaint on its merits, filing an opinion, 46 F.Supp. 408; in which he adopted the view that the entire value of the land was taxable to Ken Realty Co., since no interest of the United States would be prejudiced thereby. Ken Realty Company appeals.

The material facts are these: The United States desired to dispose of the old postoffice site, and on March 30, 1940, accepted a written bid made therefor by Ken Realty Company. According to the written contract thus made the property was purchased for $255,010, of which $12,-750.50 was paid down, and the balance was

payable in ten equal annual installments. The purchaser was to take immediate possession and assume all risk of loss or damage to the property. On any default in payment the United States by notice in writing might terminate the contract, reassume possession, retain payments made, and sell the property and recover any deficiency from the purchaser. On full payment a deed was to be made to the purchaser or its nominee. Portions of the property might be sold off on payment of such sums as would leave the security unimpaired. Leases might be made without the approval of the United States, but "subordinate to the Government's interest in the property." The contract has been carried out in all respects, three of the ten installments having now been paid. In July, 1941, the Attorney General of Alabama rendered an opinion that the property was assessable for ad valorem taxation against Ken Realty Company, and the Tax Assessor notified the Company that he was going to assess it at a value of $130,-000. Plaintiff admits that to be a fair tax value of the unincumbered fee, but denies that the property is taxable at all until it shall receive or become fully entitled to a deed from the United States.

The District Judge thought the case similar to any other in which a purchaser on instalments, having possession, with title retained to secure the purchase money, is taxed for the full value of the property, and the seller is taxed on what is the equivalent of a mortgage held by him; except that of course the United States is immune from taxation on its mortgage. The Attorney General contends that the full value is assessable as the court held, but that the proposed assessment at $130,-000 is not on the full value of the property, but only on the Ken Realty Company's present interest in it, which is measured by the full value less the amount of the balance of purchase money.

█ Everyone recognizes that not only the instrumentalities of government but all the property of the United States, however used, are exempt from State taxation, by reason of a mutual immunity implied in the Federal Constitution, and first stated in McCulloch v. State of Maryland, 4 Wheat. 316, 4 L.Ed. 579. See also Van Brocklin v. State of Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845; Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328. The Alabama

Code also, Title 51, § 2(a), exempts "all property, real and personal, of the United States." This mutual immunity is to be given a practical application so as to attain its purpose, but without unnecessary interference with the right of taxation. It is personal to the government, State or federal, and is not transferable to or to be used for the special protection of the citizen. An indirect and remote advantage to government, such as the probability that the services of contractors may be gotten by government for less if their pay is untaxed, or that public property may be sold for more if exempted from taxation for a time, will not justify the extension of the immunity to the contractor or purchaser. Metcalf & Eddy v. Mitchell, 269 U.S. 514, 515, 523, 46 S.Ct. 172, 70 L.Ed. 384; Willcuts v. Bunn, 282 U.S. 216, 231, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260; Group No. 1 Oil Corp. v. Bass, 283 U.S. 279, 282, 51 S.Ct. 432, 75 L.Ed. 1032.

By Alabama Code, Title 51, § 21, the subjects of taxation, except as exempted, are declared to include "(a) Every piece, parcel, tract or lot of land in the State, including therein all things pertaining to such land * * * and every separate or special interest in any land, such as mineral [etc.] * * * or any other interests when such interests are owned by persons other than the owner of the surface or soil, except growing crops. * * * (n) All other property real, personal or mixed not hereinbefore specified." This language reaches every interest in land not exempt from taxation, and whose owner is not immune. Special interests may be separately valued and taxed whenever they ought to be.

█ When no exemption of the property or immunity of the owner thereof is involved, but all interests, though separately owned, are taxable, it is usual to fix the value of the whole lot or parcel of land and assess the tax against that owner who is in possession and receiving the rents, issues and profits of the land. Thus in case of a life estate and remainder the owner of the life estate is assessed. Where title is conveyed to secure a debt, the debtor in possession is assessed. Where land is sold with title retained to secure purchase money, the purchaser in possession is assessed. Recognizing that the vendor retaining title is more than a mortgagee, since he commonly sustains the loss if the property is destroyed, the Su-

preme Court of Alabama holds the purchaser properly assessable both in case of personal and of real property. State v. White Furniture Co., 206 Ala. 575, 90 So. 896; Crow v. Outlaw, 225 Ala. 656, 145 So. 133. By a tax sale all interests in it normally pass to the purchaser, since all interests are taxable and taxed.

But when a separate interest in a piece of property is exempt, or its owner is immune from taxation, the several separate interests must be recognized. In the White Furniture Co. case, supra [206 Ala. 575, 90 So. 897], the separate interests of vendor and vendee for tax purposes were distinctly recognized in these words: "These cases lend support to the view that a conditional vendor's title, before default in payment by the vendee, and before election by the vendor to reclaim the property and thereby release the debt, is a special property, and that the general and beneficial ownership is in the vendee; and hence that the vendor's taxable interest, if not exempted by law, is the money value of the purchase money debt, regarded as a solvent credit, while the vendee's taxable interest is the general property right. No doubt this was the actual mode of assessment, prior to the present law * * * exempting such credits from taxation." The holding was that the vendor could not be charged with the taxes on the vendee's interest. In the Outlaw case, supra, land which belonged to the City of Mobile and was exempt from taxation, was sold to a private person with title retained to secure the purchase money, the purchaser being in possession. The purchaser's claim that he could not be taxed in respect of the property because it was exempt so long as the title remained in the City, was denied, on the authority of the White Furniture Co. case. In neither case, however, was the question considered whether the value of the interest of the vendor, measured by the amount of the unpaid purchase money, being exempt from taxation, ought to be deducted from the whole value of the property, to ascertain the value of the taxable interest of the vendee.

Since the immunity of the United States under the Federal Constitution is a federal question, the Alabama decisions do not control, but rather those of the Supreme Court of the United States. Under the latter, though the immunity is personal and not transferable, it is held that in disposing of the public lands to settlers, the immunity protects the land from taxation until all has been done or paid which is necessary to entitle the settler to a conveyance. Typical is Irwin v. Wright, 258 U.S. 219, 42 S.Ct. 293, 66 L.Ed. 573, where both the federal homestead and reclamation laws were involved. The development and settlement of the public domain involves policies and governmental activities and interests different from those here present. The settler may well be extended protection till he is firmly established as such, and the government has a continuing interest to see that he is. But in this case the land has been found useless to the government, and the government is seeking to divest itself of it and to return it to the general mass of property in the State. It has given the purchaser full possession and control of the property, is relieved of the risk of its loss or destruction, has allowed a right to lease, and even to sell off parts of it, retaining title solely to secure the payment of the balance of the price. The written contract at one place speaks of "the purchaser's interest in the property subsequent to the acceptance of this proposal", and at another of the leases being "subordinate to the Government's interest in the property", clearly recognizing that both interests exist and are different and separate, and that the whole interest is no longer in the government. It is no novelty to tax private persons in respect to their interest in land which belongs or has belonged to the United States. Mining and other mineral and timber claims are familiar instances. Water rights in a government lake were held taxable in Northside Canal Co. v. State Board, D. C., 8 F.2d 739, reversed in 8 Cir., 17 F.2d 55, on another point but approved on this one, where most of the decisions previously rendered were reviewed. A little later the Supreme Court held in City of New Brunswick v. United States, 276 U.S. 547, 48 S.Ct. 371, 372, 72 L.Ed. 693, that land sold by an agency of the United States with title retained was subject to city taxation, on reasoning paralleling that of the Alabama court as above quoted. It is true the purchaser had become entitled to a deed and was to execute a mortgage back as security, but the court made no point of that, saying: "But it is plain, under the doctrine of the Clallam case, that the City is without authority to enforce the collection of the taxes thus

assessed against the purchasers by a sale of *the interest* in the lots which was retained and held by the Corporation as security for the payment of the unpaid purchase money whether as an incident to the *retention of the legal title or as a reserved lien or as a contract right to mortgages. That interest,* being held by the Corporation for the benefit of the United States, is paramount to the taxing power of the State and cannot be subjected by the City to sale for taxes." (Italics added.) It was concluded that the collection of taxes assessed to the purchasers by sale of *"their interests* in the lots, as equitable owners" could proceed, but that a sale should be enjoined unless it expressly excluded "all rights, liens, *and interests* in the lots, retained and held by the Corporation as security for the unpaid purchase moneys."

█ A purchaser of the taxpayer's interest, whether by tax sale or private sale, would pay no more than the value of the lots, less the amount of the unpaid purchase money. Therefore that difference is the value that ought to be considered the true value of the purchaser's taxable interest. A tax sale on the terms prescribed in the New Brunswick case would merely put the purchaser in the shoes of the taxpayer, and would do no prejudice to the United States.

But to hold that the purchaser's interest in property so situated is to be untaxed because legal title is not yet demandable by him, might result in great injury to the State without benefit to the United States. The purchaser of this postoffice site might put a million dollar building on it, and pay all the purchase money except a few thousand dollars, and by securing further time to pay that balance might escape just taxes for many years. And if the transaction were reversed and the government should buy land on installments with the title retained, it would, if legal title is to control, enjoy no freedom from taxes on its investment until such title should become demandable. We are convinced that the Ken Realty Company has a taxable interest whose value is measured each tax year by the value of the whole property diminished by the amount of unpaid purchase money. The unpaid purchase money measures the interest of the United States, which can neither be assessed nor sold.

We consciously refuse to follow Lincoln County v. Pacific Spruce Corp., 9 Cir., 26 F.2d 435. We express no opinion as to the correctness of the proposed valuation of $130,000; nor as to the date when taxability began, those questions not being made or argued. Since the appellant by its petition does not show itself entitled to the injunction or to the declaration for which it prays, the judgment of dismissal is affirmed.