ABR CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. CITY OF NEWARK AND VINCENT J. MURPHY, MAYOR AND DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF NEWARK, DEFENDANTS.

Argued October 6, 1943—Decided January 19, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Arthur T. Vanderbilt*.

For the defendants, *Raymond Schroeder* (*Thomas L. Parsonnet*, of counsel).

The opinion of the court was delivered by

PORTER, J.   This writ brings before us for review the validity of an assessment and levy of real property taxes for the years 1942 and 1943 to Samuel Bratter as owner of the premises in Newark known as the Old Post Office and Court House site.

The facts have been stipulated.   On and prior to January 27th, 1941, the United States of America (hereinafter called the Government) owned the premises in question.   It is designated on the city tax map as District 2, Block 53, Lot 49.   On the said date the Government acting through its duly constituted officials under authority of law accepted an offer of purchase of the premises for $2,051,500 from Samuel Bratter.   Under the terms of this agreement as modified on June 24th, 1941, and July 18th, 1942, the said purchase price was payable in thirteen annual installments, the first of which becomes due February 27th, 1945.   It is also provided that upon compliance with all the terms of the agreement title by quit-claim deed is to be delivered to Bratter or his nominee on February 27th, 1951, when a purchase-money mortgage is to be given to secure the balance of the purchase price, including accrued interest.   Possession of the premises was delivered to Bratter on February 27th, 1941. In the event of any failure to comply with the terms of the agreement by the purchaser the Government may terminate the contract, retain any installments paid on the purchase price and resume immediate possession of the premises. Bratter assigned his contract, with the consent of the Government, to prosecutor, ABR. Corporation.   The assignment is dated July 1st, 1943, and by its terms the prosecutor succeeded to all the rights of Bratter under the contract.   The City levied real estate assessments for 1942 and 1943 against Bratter as owner of the premises, and the premises in fee were listed and advertised for sale on July 13th, 1943, because

of non-payment of the 1942 taxes. The Government obtained a temporary restraining order in the United States District Court on July 9th, 1943, restraining the proposed sale of "any right, title and interest" of the Government on its allegation of ownership and the claim of exemption of its property from taxation. On July 26th, 1943, a permanent injunction to the same effect was entered by consent. The prosecutor filed a bill in Chancery and obtained on July 23d, 1943, an order to show cause why the defendants should not be restrained from selling the premises at a tax sale. On August 17th, 1943, Vice-Chancellor Bigelow advised the discharge of the order to show cause and the dismissal of the bill on the ground that the question presented was for the Supreme Court. This writ of *certiorari* was then obtained.

We do not think it is open to question that real property owned by the Government is exempt from taxation by the State. Indeed the defendants do not claim otherwise. Their contention is that Bratter became vested of certain equitable rights in the property under his contract to purchase and that in view of his possession he enjoys all the advantages of the City services enjoyed by other property owners and that his equitable interest is and should be taxable. Apparently that was not the theory of the City when this assessment was made, because it was levied against Bratter as owner, and it seems to have been assessed for its full, fair value, the assessment being on a valuation of $1,936,000. Certainly Bratter had no equitable estate in the property which would justify any such assessment to be taxable. His equitable title must be vested and perfected by full performance of the contract. Nor do we think that he had any taxable interest in the property. A case in point where the Government had sold real property and where the question of local taxation was raised is *Lincoln County* v. *Pacific Spruce Corp.*, 26 *Fed. Rep.* (*2d*) 435. The court there used this language which we think fully disposes of the issues of the instant case: "It is well settled, of course, that when an entryman or purchaser from the United States has fully complied with all the requirements of law or his contract of purchase, and nothing remains to be done but the issuance of a patent or the execu-

tion of a deed, the Government becomes a mere naked trustee of the legal title, and the property is subject to state taxation. But it is equally well settled that before lands granted or sold by the United States can be taxed by the States as the property of the beneficial owner, a perfect equitable title must be vested in the grantee or purchaser, and the consideration and other conditions of the grant or sale must be fully paid and performed. As long as the government retains the legal title as security for the payment of any part of the purchase money, or to secure the performance of any other conditions of the grant or sale, the land is not subject to taxation by the States. *Kansas P. R. Co.* v. *Prescott,* 16 *Wall.* 603; 21 *L. Ed.* 373; *Union P. R. Co.* v. *McShane,* 22 *Wall.* 444; 22 *L. Ed.* 747; *Northern Pacific* v. *Traill County,* 115 *U. S.* 600; 6 *S. Ct.* 201; 29 *L. Ed.* 477; *Irwin* v. *Wright,* 258 *U. S.* 219; 42 *S. Ct.* 293; 66 *L. Ed.* 573; *United States* v. *City of Milwaukee (C. C.),* 100 *Fed. Rep.* 828; *Mint Realty Co.* v. *Philadelphia,* 218 *Pa.* 104; 66 *Atl. Rep.* 1130; 11 *Ann. Cas.* 388; *Copp* v. *West Virginia,* 69 *W. Va.* 439; 71 *S. E. Rep.* 580; 35 *L. R. A. (N. S.)* 669." Also see *People* v. *Burke,* 198 *N. Y. S.* 601; *affirmed,* 142 *N. E. Rep.* 320; *People* v. *Burke,* 217 *N. Y. S.* 803; *affirmed,* 226 *N. Y. S.* 882; *affirmed,* 162 *N. E. Rep.* 503; *New Brunswick* v. *United States,* 276 *U. S.* 547; *Clallam County* v. *United States,* 263 *Id.* 341; 68 *L. Ed.* 328.

The defendants call our attention to the fact that the Government is now the owner of vast property interests in this state used in war work and points out the hardship to the municipalities because of the loss of ratables now and when the properties may be sold by executory contract at the termination of the war. Deplorable as such a condition may be, it obviously is a matter beyond our power to remedy but belongs exclusively to the Congress.

Under *R. S.* 54:4–1 all taxable property shall be assessed to the owner as of October 1st in each year. Neither Bratter nor his assignee, the prosecutor, were the owners when these assessments were levied; nor was there vested in either of them a perfect equitable title subject to taxation.

The assessments, levies and tax liens being unlawful will be set aside and canceled, with costs.