25 So.2d 675

**KEN REALTY CO., Inc., v. STATE.**

6 Div. 349.

Supreme Court of Alabama.

March 7, 1946.

Rehearing Denied April 11, 1946.

Kenneth Perrine, Ben Leader, Wm. Alfred Rose, Leader, Hill, Tenenbaum & Perrine, and White, Bradley, Arant & All, all of Birmingham, for appellant.

Wm. N. McQueen, Atty.Gen., and Jas. F. Matthews and W. W. Callahan, Asst. Attys. Gen., for appellee.

**STAKELY, Justice.**

This is an appeal from the Circuit Court of the Tenth Judicial Circuit of Alabama. An appeal was taken to that court from the action of the Tax Assessor of Jefferson County in assessing for ad valorem taxes against the appellant, for the year beginning October 1, 1941, certain real estate known as the old post office site in Birmingham, Alabama. The trial court held the property subject to such taxes and held sixty percent of the reasonable market value of the property as of October 1, 1941, to be the assessed value without diminution by reason of any right, title or interest in or to the property belonging to the United States.

The case was tried on an agreed statement of facts. Prior to March 30, 1940, the United States for many years owned the entire interest in the property and used it as a post office site. The duly authorized agency of the United States offered the property for sale. Appellant made a proposal to purchase and the proposal was accepted. According to the contract then made, the purchaser agreed to pay $255,101 for the property. Of this amount one-fifth was paid in cash and the balance was made payable in ten equal annual installments, with interest. Appellant, as purchaser, took possession April 8, 1940. Prior to October 1, 1941, appellant in addition to the cash payment required also paid the first annual installment of $20,400 with interest. Appellant has been in continuous possession since April 8, 1940. The contract provides that on any default in payment the United States may terminate the contract, resume possession, retain payments made, sell the property and secure deficiency from the purchaser. On full payment of the price and full performance of the contract a deed is to be given. At the time the assessment was made appellant had paid $71,402.80, leaving an unpaid balance of $183,607.20 plus accrued interest. Under the contract the purchaser bears the risk of any loss or damage to the property and the purchaser has the right to lease without the government's approval, but in subordination to the government's interest in the property.

The agreed statement of facts also contains the following:

"It is further agreed by and between the parties that 60 percent. of the fair and reasonable market value of said real property, including the improvements thereon, on October 1, 1941, was $145,000.00. Said valuation refers to and means the whole and complete interest of both the interests of the United States of America and of the Company in said property.

"Notwithstanding said appeal from the assessment by the said Tax Assessor to the Circuit Court, the Tax Assessor proceeded upon his said assessment the same as if no appeal had been taken; and on December 18, 1942, the Ken Realty Company paid to the Tax Collector of Jefferson County, the sum of $5,358.96, that being the amount assessed by said Tax Assessor on or under said assessment."

The question for decision is whether the state, county and city may assess the property to appellant for ad valorem taxes when the property is in possession of appellant, but when it has not paid the purchase price and become entitled to a deed.

It is a recognized principle of law that not only the instrumentalities of the federal government, but all the properties of the United States, however used, are exempt from state taxation. McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579; Irwin v. Wright, 258 U.S. 219, 42 S.Ct. 293, 66 L.Ed. 573; Van Brocklin v. Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845.

The State of Alabama recognizes this immunity by the provision incorporated in Section 2(a), Title 51, Code 1940, exempting "all property, real and personal, of the United States."

It is the insistence of appellant that there are but two exceptions to the general rule

of immunity of property belonging to the United States from taxation imposed by the state or a subdivision thereof. First, when Congress has given its consent to such taxation; a situation, we add, that all agree does not exist in the case at bar. Second, when the United States holds the legal title to the property, but a perfect equitable interest therein is privately owned, because all conditions precedent to conveyance of the legal title have been complied with. In the case at bar appellant cannot demand a deed because the purchase price has not been fully paid. There is substantial authority to support the second exception as stated. City of Springfield v. United States, 1 Cir., 99 F.2d 860, certiorari denied 306 U.S. 650, 59 S.Ct. 592, 83 L.Ed. 1049; Irwin v. Wright, 258 U.S. 219, 42 S.Ct. 293, 66 L.Ed. 573; Kansas Pacific Ry. v. Prescott, 16 Wall. 603, 83 U.S. 603, 21 L.Ed. 373; Van Brocklin v. Tennessee, 117 U.S. 151, 6 S.Ct. 670, 29 L.Ed. 845; United States v. Allegheny County, 322 U.S. 174, 175, 64 S.Ct. 908, 88 L.Ed. 1209; Lincoln County v. Pacific Spruce Corp., 9 Cir., 26 F.2d 435; Clallam County v. United States, 263 U.S. 341, 44 S.Ct. 121, 68 L.Ed. 328; Hussman v. Durham, 165 U.S. 144, 17 S.Ct. 253, 41 L.Ed. 664; ABR Corp. v. City of Newark, 131 N.J.L. 147, 35 A.2d 473; Copp v. State, 69 W.Va. 439, 71 S.E. 580, 35 L.R.A.,N.S., 669.

But in the case of City of New Brunswick v. United States, 276 U.S. 547, 48 S.Ct. 371, 372, 72 L.Ed. 693, after supporting the rule above referred to, the Supreme Court of the United States provided a plan, when the state law permits, whereby the state taxing authorities can assess and collect the taxes without infringing federal immunity from such taxation. In this connection the Supreme Court of the United States said:

"We see no reason, however, if the New Jersey law permits, why the City may not assess taxes against the purchasers upon the entire value of the lots and enforce collection thereof by sale of their interest in the property. With that the Corporation and the United States have no concern. * * *

"We conclude that, although the City should not be enjoined from collecting the taxes assessed to the purchasers by sales of their interests in the lots, as equitable owners, it should be enjoined from selling the lots for the collection of such taxes

unless all rights, liens, and interests in the lots, retained and held by the Corporation as security for the unpaid purchase moneys, are expressly excluded from such sales, and they are made, by express terms, subject to all such prior rights, liens, and interests. This, we think, will meet the equities of the case as between the Corporation and the City, and fully protect the paramount right of the United States."

In the case at bar, the entire value of the property was assessed against appellant, as the owner of the property, although appellant had paid only a part of the purchase price and was not entitled to demand a deed. Accordingly, if we would uphold the validity of the assessment here made, we must be able to say that the Alabama taxing statutes permit the plan authorized in the case of City of New Brunswick v. United States, supra, and which was followed in the case at bar. To meet this requirement we think that three tests must be met, which may be stated as follows:

■ (1). Was it correct to assess the taxes against appellant as owner within the meaning of Sections 79 and 80, Title 51, Code 1940? These sections show that the property must be assessed against the owner. Whatever may be the rule in other states, it is clear from our decisions that, appellant is the owner within the meaning of the Alabama taxing statutes.

■ "Our assessment statutes take no account of qualified or conditional estates in personal property, and with respect to the duty of, and liability to, assessment for taxation they make no reference to legal and equitable, or general and special owners. * * *

"So, when a statute requires that property be assessed to the owner, we think it means the general and beneficial owner— that is, the person whose interest is primarily one of possession and enjoyment in contemplation of an ultimate and absolute ownership—and not the person whose interest is primarily in the enforcement of a collateral pecuniary claim, and does not contemplate the use or enjoyment of the property as such.

■ "It is well settled that when the vendee of real property is in possession under an executory contract of sale, he is liable to be taxed as the owner. Bowls v. Oklahoma City, 24 Okl. 579, 104 P. 902, 24 L.R.A.,N.S., 1299, and note collecting many authorities. The case of Tracy v.

Reed, C.C., 38 F. 69, 2 L.R.A. 773, cited to the contrary in 26 R.C.L. 358, § 315, is opposed to the overwhelming weight of authority.

"In 27 A. & E. Ency. Law (2d Ed.) 678, it is said that:

"'Assessments in the name of a person as owner who holds the equitable title to property and is in possession have been generally upheld as valid'—for which many authorities are cited.

"It is, of course, to be conceded that the equitable ownership of an executory purchaser of realty is of a higher nature than is a like interest in personalty, and is more favored by the law; but for the purpose of taxation it is difficult to find any valid distinction." State v. White Furniture Co., 206 Ala. 575, 90 So. 896.

In Crow, Tax Collector, v. Outlaw, 225 Ala. 656, 657, 145 So. 133, this court said: "The bill as originally filed sought injunctive relief against the sale for taxes of the real estate therein described, upon the theory that, though complainant was in possession under an executory contract of purchase from the city of Mobile, yet no conveyance had been executed and the legal title remained in the city and the property was therefore exempt from taxation. But in State v. White Furniture Co., 206 Ala. 575, 90 So. 896, the court said: 'It is well settled that when the vendee of real property is in possession under an executory contract of sale, he is liable to be taxed as the owner.' The theory of the original bill was therefore untenable."

It is worthy of note that appellant, according to the contract, not only enjoys possession of the property, but has the right to lease, is not prohibited from selling, all of course subject to the government's rights, and bears the risk of loss or damage to the property. These are incidents of ownership which make the situation in many respects, in keeping with what would have been the situation if a deed had been made to appellant and a mortgage given to secure the purchase price. Love v. Butler, 129 Ala. 531, 30 So. 735. If this latter situation had obtained, the taxes would be clearly assessable to appellant and there would be no room for controversy. City of New Brunswick v. United States, supra; Paddell v. City of New York, 211 U.S. 446, 29 S.Ct. 139, 53 L.Ed. 275, 15 Ann.Cas. 187; Alabama Mineral Land Co. v. McFry et al., 236 Ala. 632, 184 So. 192.

(2). Was it proper to assess taxes against appellant based on a valuation of the entire interest in the property? In a consideration of this question, we note the contentions of appellant that under Section 21, subdivisions (a) and (n), Title 51, Code 1940, the possessory interest of appellant cannot be separated from the entire interest in the property and assessed to appellant. We set out these subdivisions so the matter may be clearly seen:

"(a) Every piece, parcel, tract or lot of land in this state, including therein all things pertaining to such land, and all structures and other things so annexed or attached thereto as to pass to a vendee by conveyance of such land; and every separate or special interest in any land, such as mineral, *the right to mine minerals; timber, and the right to turpentine; oil or petroleum, natural gas and the right to remove same from the soil,* or *any* other interests when such interests are owned by persons other than the owner of the surface or soil, except growing crops." [Italics supplied.]

"(n) All other property, real, personal or mixed not hereinbefore specified, of whatever class, whether ejusdem generis or not, except as herein specifically exempted, which said property shall be assessed and specifically described."

It is urged that the subsection (a) was amended in 1935 (See General Laws of Alabama 1935, pp. 256, 264) to allow separate assessments to tax turpentine, mineral and other rights granted by leases, since such rights had been held to be nontaxable. Ashe Carson Co. v. State, 138 Ala. 108, 35 So. 38; State v. Roden Coal Co., 197 Ala. 407, 73 So. 5. It is argued that there would have been no need to amend the statute if a possessory interest of one in possession could be taxed, and only by reason of the amendment can certain specified possessory interest be assessed, where there has been a severance of the corpus into surface, mineral and other rights. So far as subsection (n) is concerned, it is argued that if it was intended to include possessory interests in real estate, there would have been no need to provide specifically for taxation of leasehold rights in mineral, turpentine, oil, petroleum and natural gas, as allowed in subsection (a). We have no quarrel with these contentions, because we think it was intended by the legislature, that, except as specified, the entire interest in the prop-

erty is to be assessed to the owner and not separate interests in the property, less than the interests of owners, to separate persons.

"It is not to be presumed that the Legislature intends that the same property is to be assessed against two persons, as the property of each, although one may have the legal and the other an equitable title thereto; or although one may have the general and the other a special property therein." State v. White Furniture Co., 206 Ala. 575, 90 So. 896.

But, as pointed out, in the case at bar the entire interest in the property was assessed to appellant. Accordingly there was a compliance with subdivisions (a) and (n) of Section 21, Title 51, Code 1940.

■ (3). Could the assessment in the case at bar be collected by selling only the interest of appellant in the property for the taxes assessed against the entire value of the lots? This poses a problem of some difficulty. We know that the lien of the government for the unpaid balance of the purchase price is exempt from taxation. Such exemption is expressly recognized, as shown above, by express provision in the Alabama statute. It does not seem reasonable to us that the exemption would be recognized and its availability then denied. It should be kept in mind that this exemption is for the benefit of the United States and is not an exemption allowed to appellant. Accordingly it does not seem to us to be proper to allow the exemption by deducting the unpaid balance on the purchase price from the entire value of the property. Because, while this would aid the appellant, it still would not save the United States from harassment by the imposition of state taxes. It seems to us that the proper way to allow the exemption is to provide for a sale of the property subject to the lien, right, title and interest of the United States. In this way the plan provided for in City of New Brunswick v. United States, supra, would be complied with, and the United States government could have no complaint. Where the tax assessor knows that such a lien is exempt, he can make the assessment accordingly, and the tax collector can proceed therewith. Certainly if the matter gets on appeal to the circuit court, as is the situation in the case at bar, the court can so adjudge. See Ken Realty Co. v. Johnson, Tax Assessor, D.C., 46 F.Supp. 408; Id., 5 Cir., 138 F.2d 809. As a matter of fact, in the case at bar, the taxes have been paid, and so there is no need for a sale. And the lower court, as it pointed out, has accordingly made no such adjudication. What we have said, however, can be regarded as a guide, if necessary, for further proceedings.

■ In conclusion, it can be added, that the method of levying and collecting the tax and arriving at the sale of the property is a matter of Alabama law, where no provision of the United States Constitution is violated. Witherspoon v. Duncan, 4 Wall. 210, 18 L.Ed. 339; Lewis v. Monson, 151 U.S. 545, 14 S.Ct. 424, 38 L.Ed. 265; Arkansas Corp. Comm. v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

Other courts in cases similar to the case at bar have based their conclusions on reasoning similar to the foregoing. In the case of Bancroft Investment Corporation v. City of Jacksonville, now pending on application for rehearing, the Supreme Court of Florida, under facts similar to the facts in the case at bar, held that the assessment could not be made to the purchaser, because the Florida taxing statutes did not so allow. In Petition of S. R. A. Inc., 213 Minn. 487, 7 N.W.2d 484; Id., 219 Minn. 493, 18 N.W.2d 442, the Supreme Court of Minnesota held, under circumstances presenting the same question, that the assessment was valid because valid under the Minnesota taxing statutes. In the last of the foregoing Minnesota decisions the court clearly shows that United States v. County of Allegheny, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209, a bailment case on which appellant relies, is not an authority here.

We conclude that the assessment in the present case is valid and the ruling of the lower court free from error.

Affirmed.

GARDNER, C. J., and FOSTER and SIMPSON, JJ., concur.

## On Rehearing.

STAKELY, Justice.

In response to the application for rehearing, attention is called to the decision of the Supreme Court of the United States rendered March 25, 1946, after our decision, where the cases of S. R. A., Inc., Petitioner v. State of Minnesota, 66 S.Ct.

616

749 referred to in our foregoing decision, are reviewed. Our decision is in accord with the principles therein stated.

Application for rehearing is overruled.

GARDNER, C. J., and FOSTER and SIMPSON, JJ., concur.