190 So.2d 535

**STATE of Alabama**

v.

**WEST POINT DEVELOPMENT CORPORATION.**

**6 Div. 284, 284–A.**

Supreme Court of Alabama.

Sept. 22, 1966.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston, Burgin Hawkins and Wm. H. Burton, Asst. Attys. Gen., for appellant.

W. S. Pritchard, Jr., Victor H. Smith, Pritchard, McCall & Jones, Birmingham, for appellee.

PER CURIAM.

On February 14, 1957, the City of Birmingham leased to West Point Development Corporation Lots B, C, and D according to the Subdivision of Fairground Property as shown by a map thereof duly recorded in the office of the Judge of Probate of Jefferson County. The lessee, West Point Development Corporation, paid the city as rent $140,000 on the day the lease was executed. The term was 30 years.

On August 27, 1964, the lessee at its sole expense completed construction of buildings and improvements on Lots B and C of the leased premises, at a cost of $215,000. It is stipulated that at the time of the completion of the buildings and improvements there were approximately 22½ years left to run under the lease, and that the life expectancy of the buildings and improvements was 40 years from August 27, 1964. It is not disputed that the City of Birmingham owns the land upon which the buildings and improvements were constructed, and that under the provisions of the lease, the buildings and improvements when placed upon the land then became the sole property of the City of Birmingham.

On June 1, 1965, the Tax Assessor of Jefferson County made two assessments against the lessee, appellee, for ad valorem taxes on buildings and improvements situated on Lots B and C for the tax year beginning October 1, 1964 and ending September 30, 1965. The buildings and improvements on Lot B were assessed for tax purposes at $4,620; those on Lot C at $44,950. These

assessments were reviewed by the Jefferson County Board of Equalization and were made final on July 16, 1965.

From these assessments appellee took an appeal under the provisions of Title 51, § 109, Code 1940, Recompiled 1958, to the law side of the Circuit Court for the Tenth Judicial Circuit.

In the Circuit Court the facts set out above were agreed upon. The appellee attacked the assessments on the ground that the appellee had no taxable interest in the buildings and improvements assessed as the land was owned by the City of Birmingham and that the buildings and improvements were owned by the City of Birmingham under the lease between the city and appellee, and that the city was exempt under the laws and Constitution of Alabama from paying ad·valorem tax on its property.

The state, while admitting that the parcels of land upon which the buildings and improvements were built are owned by the city and were exempt from taxation as land owned by the city, contended and now contends that as the buildings and improvements were built on the land by the appellee as a business venture and under a thirty year lease contract whereby appellee as a private corporation was to pay for the constructions of the buildings and was to have the full use, benefits, enjoyments, control and rents therefrom for a period of 30 years, that for that period the appellee has a property interest in the buildings and improvements which is subject to the payment of ad valorem tax, all under the provisions of Title 51, § 21, Code. The state contends then that the appellee has an actual property right and ownership in the buildings and improvements situated on land belonging to the city for a period of 30 years, which property right the state contends is subject to taxation.

The trial court resolved this issue in favor of appellee. The state appealed.

The only question before us (and the trial court) is whether the improvements built

by the appellee on lands owned by the City of Birmingham are taxable for ad valorem tax purposes, where the city also under the terms of the lease owns the improvements. Stated differently, the question is whether the appellee has a taxable interest in the buildings and improvements apart from the land under the provisions of Title 51, § 21, Code.

Article 4, § 91, Constitution of 1901, provides that "The legislature shall not tax the property, real or personal, of the state, counties, or other municipal corporations * * *." Title 51, § 21, provides:

"The subjects of taxation, *except as exempted by law,* shall be as follows: (a) Every piece, parcel, tract or lot of land in this state, including therein all things pertaining to such land, and all structures and other things so annexed or attached thereto as to pass to a vendee by conveyance of such land; and every separate or special interest in any land, such as mineral, the right to mine minerals; timber, and the right to turpentine; * * *." (Emphasis supplied.)

The state is aware as pointed out by this court in 1916, in State v. Roden Coal Co., 197 Ala. 407, 73 So. 5:

"We have no statute, so far as we are advised, which has attempted to tax leasehold estates, chattels real. That they constitute valuable property and may be made the subject of taxation is clearly demonstrated in the Dillon Case [referring to Harvey Coal Co. v. Dillon, 59 W.Va. 605, 53 S.E. 928, 6 L.R.A.,N.S., 628]. This, however, is a matter properly addressed to the lawmaking body of the state, and not to the judiciary. The lawmaking power has not seen fit to make such interests the subject of taxation in this state."

However, the state contends that the present case is controlled not by the foregoing, but by such cases as Brookley Manor v. State, 265 Ala. 141, 90 So.2d 161; Ken Realty Company v. State, 247 Ala. 610, 25 So.2d 675, 166 A.L.R. 588.

We agree with the state and reaffirm the holding in those cases that the paper title alone is not always determinative of ownership for tax purposes. However, in this case we have a far different situation than existed in those cases. In Ken Realty Company v. State, supra, the taxpayer had made a proposal to the United States Government to purchase property belonging to the United States. At the time the assessment against the purchaser was made only a part of the purchase price had been paid and no deed had been delivered. There we held that the fact that the taxpayer had not received a deed to the property was not determinative. We noted:

" * * * 'It is well settled that when the vendee of real property is in possession under an executory contract of sale, he is liable to be taxed as the owner. * * *' " Further, "It is worthy of note that appellant, according to the contract, not only enjoys possession of the property, but has the right to lease, is not prohibited from selling, all of course subject to the government's rights, and bears the risk of loss or damage to the property. These are incidents of ownership which make the situation in many respects, in keeping with what would have been the situation if a deed had been made to appellant and a mortgage given to secure the purchase price."

In the *Brookley* case, supra, the taxpayer had leased lands from the United States Government for a term of 75 years for a rent of $100 per year. The lessee constructed a housing project on the lands. The lease provided that at the expiration of the lease all improvements were to remain the property of the government. There it was held that the lessee was the owner of the entire property for tax purposes, the court noting:

" * * * while the title may be in the government, the real owner of the housing project as far as state and county taxation is concerned is the private corporation. * * * 'The Government may have "title," but only a paper title, and while it retained the controls described in the lease as a regulatory mechanism to prevent the ordinary operation of unbridled economic forces, this does not mean that the value of the buildings and improvements should thereby be partially allocated to it.' "

It should be noted that in both of these cases the private corporation was deemed to be, for tax purposes, the owner of the whole property and the entire interest in the property was assessed to the private corporation. Such was assumed to be required, and we think is required except as otherwise expressly provided, under Title 51, § 21, Code. It was stated on this point in Ex parte State (State v. White Furniture Company), 206 Ala. 575, 90 So. 896:

"It is not to be presumed that the Legislature intends that the same property is to be assessed against two persons, as the property of each, although one may have the legal and the other an equitable title thereto; or although one may have the general and the other a special property therein."

Further, in both of the foregoing cases, the governmental authority retained hardly more than bare legal title to the property. In the *Brookley* case, which is more similar to facts here, the government's interest was limited to legal title and a nominal rent of $100 per year. The life of the improvements placed on the lands was to be exhausted long before the termination of the lease so that at the end of the term the government would not have any improvements with useful life remaining. In the present case, on the other hand, the governmental agency, the City of Birmingham, has far more than bare legal title. It has received a rent of $140,000; the improvements placed on the property have a life expectancy of 40 years. The lease has only 22½ more years to run, so that at the expiration of the lease term, improvements valued at more than $200,000 with a life expectancy of 17 or more years will be at

the city's disposal. The city owns legal title to the land and improvements presently. We cannot see how under these circumstances it can be said that the city is not the owner of this property, or how it can be said under these circumstances that the lessee is the "owner" of or freehold owner of these lands, all as required under § 21(a), Title 51, Code. State v. Roden Coal Co., supra.

We agree with the conclusion reached by the trial court that for tax purposes the City of Birmingham is the owner of the lands involved in this case and as such owner is immune from ad valorem taxation. We have been apprised of no effort on the part of the legislature to tax leasehold estates and we do not agree with the state that the holdings in the cases alluded to herein are to the contrary. Accordingly, the judgment appealed from is affirmed.

Having reached this conclusion, we do not write to appellee's motions to dismiss the appeal.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL, and HARWOOD, JJ., concur.